8  UNITED STATES DISTRICT COURT

9  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  KEENAN WILKINS, aka NERRAH BROWN,  No. 2:19-cv-1338 KJN P

12

13  Plaintiff,

    v.  ORDER

14

15  DR. CHRISTINE S. BARBER, et al.,

16  Defendants.

17

18  Plaintiff is a state prisoner, proceeding pro se. On January 30, 2020, plaintiff signed and

19  presented to prison authorities for mailing, a motion for sanctions under Rule 11 of the Federal

20  Rules of Civil Procedure. Such motion accompanied his objections to the January 24, 2020

21  findings and recommendations. On February 25, 2020, the district court adopted the findings and

22  recommendations over plaintiff's objections.

23  Rule 11(c)(2) of the Federal Rules of Civil Procedure requires that the moving party serve

24  the motion for sanctions on the offending party 21 days before filing it with the court. Accord

25  Truesdell v. S. Cal. Permanente Med. Grp., 293 F.3d 1146, 1151 (9th Cir. 2002) (explaining that

26  a movant satisfies Rule 11's "mandatory 21 day safe-harbor period" by serving "the allegedly

27  offending party with a filing-ready motion as notice that it plans to seek sanctions").

28

The proof of service appended to plaintiff's motion indicates that on January 30, 2020, plaintiff served the motion on Deputy Attorney General Lucas L. Hennes, who responded to the court's orders by special appearance, the same day plaintiff mailed the motion to the court. Plaintiff fails to set forth any other facts demonstrating he complied with Rule 11(c). Thus, plaintiff failed to provide notice as required under Rule 11 and is denied on that basis.[1]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 54) is denied.

Dated: March 3, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wilk1338.san

---

[1] Moreover, in light of the district court's order adopting the findings and recommendations, plaintiff's motion is now moot.

2