1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEENAN WILKINS, aka NERRAH              No.  2:19-cv-1338 KJN P
     BROWN,
12
                    Plaintiff,
13                                            ORDER
          v.
14
     DR. CHRISTINE S. BARBER, et al.,
15
                    Defendants.
16

17

18        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with a civil rights

19   action.  Plaintiff filed a motion to amend before defendants filed their answer.  As discussed

20   below, the undersigned denies plaintiff's motion to amend without prejudice.

21   Background

22        On November 7, 2019, the court ordered that this case proceed on plaintiff's complaint

23   against defendants Dr. Baker, Dr. Mansour and Dr. Singh.  (ECF No. 29.)  The court found that

24   plaintiff states potentially cognizable Eighth Amendment claims against defendants Dr. Barber,

25   Dr. Yasser Mansour and Dr. Singh, and a potentially cognizable First Amendment retaliation

26   claim against Dr. Barber.  (ECF No. 29 at 5.)  Defendants Escobar, Adams and Recarey were

27   dismissed with leave to amend, but plaintiff opted not to amend.  (ECF No. 33.)  On December 3,

28   2019, defendants Escobar, Adams and Recarey were dismissed without prejudice.  (ECF No. 38.)

                                            1

1    Motion to Amend

2           The Prison Litigation Reform Act, 42 U.S.C. § 1997e(c)(1), requires the screening of

3    prisoner complaints and the dismissal of allegations that fail to state a claim upon which relief can

4    be granted prior to ordering service of a complaint on the defendants.  See, e.g., O'Neal v. Price,

5    531 F.3d 1146, 1153 (9th Cir. 2008).  When a plaintiff files a motion to amend, Federal Rule of

6    Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so

7    requires."  Yet, even under this liberal standard, leave to amend "is not to be granted

8    automatically."  Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).  The court

9    "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory

10   motive on part of the movant, repeated failure to cure deficiencies by amendments previously

11   allowed, undue prejudice to the opposing party . . . [and] futility of amendment.'"  Carvalho v.

12   Equifax Info. Servs., LLC, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting Foman v. Davis, 371

13   U.S. 178, 182 (1962))(alterations in original); see also Gordon v. City of Oakland, 627 F.3d 1092,

14   1094 (9th Cir. 2010) (Futility of amendment is sufficient to justify denial of a motion for leave to

15   amend.))

16          In his proposed amended complaint, plaintiff raises allegations against an individual he

17   had not seen prior to filing the instant action, Dr. Dredar.  Plaintiff is advised that the provision

18   of, of failure to provide, medical care, standing alone, does not meet the "same transaction or

19   occurrence" standard required for proper joinder. Fed. R. Civ. P. 20(a)(2); see also ECF No. 29 at

20   6.  Rather, this action proceeds on plaintiff's claims that defendants Dr. Baker, Dr. Mansour and

21   Dr. Singh were allegedly deliberately indifferent to plaintiff's medical care prior to the filing of

22   this action.  While plaintiff may be able to amend his pleading to add claims as to these

23   defendants, plaintiff may not name in this action a new doctor who did not provide care to

24   plaintiff prior to the filing of this action.

25          Likewise, plaintiff's amended complaint claims that he first wrote to Chief Gates on July

26   10, 2019, only seven days before the instant action was filed.[1]  Even though plaintiff subsequently

27

28   _____

[1]  Plaintiff could not have, prior to filing the instant action, exhausted any Eighth Amendment
claim against Gates based on such letters given the July 10, 2019 date of the first letter.

1     wrote Gates multiple letters, plaintiff cannot state a cognizable Eighth Amendment claim in this

2     action based on such letters because they were sent after the instant action was filed.

3           Because Dr. Dredar and Chief Gates are not properly joined in this action, plaintiff may

4     not amend his pleading to include claims against them.  Rather, plaintiff must pursue such claims,

5     if at all, in a separate action after he has exhausted his administrative remedies as to such claims.

6     42 U.S.C. § 1997e(a).

7           Moreover, plaintiff now names psychiatric technician Le, but plaintiff alleges no facts

8     demonstrating that Le was deliberately indifferent to plaintiff's serious medical needs.  Rather,

9     plaintiff claims that Le falsely reported plaintiff as "cheeking" his morphine.  (ECF No. 49 at 7.)

10     But an allegation of false reports, standing alone, does not rise to the level of Eighth Amendment

11     deliberate indifference.  The creation of a false report is not actionable under § 1983.  See

12     Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison

13     record has not been recognized).  Because plaintiff cannot state a cognizable Eighth Amendment

14     claim against defendant Le based solely on such allegedly false report, the court cannot exercise

15     supplemental jurisdiction over any of plaintiff's putative state law claims against Le.

16           In addition, plaintiff has failed to show good cause why the court should now allow

17     amendment as to CME A. Adams and CMO R. Recarey, who were previously dismissed from

18     this action.  Plaintiff's allegations against such individuals remain vague and conclusory.  Such

19     claims appear to be solely based on letters plaintiff wrote to them, many dated after the filing of

20     this action, claiming both "failed to act with power to do so."  (ECF No. 49 at 16, referring to

21     plaintiff's Exhibit A.)  But plaintiff must allege specific facts that demonstrate deliberate

22     indifference.  The court and defendants are not required to review exhibits in an attempt to tease

23     out what facts plaintiff claims support his Eighth Amendment allegations as to Recarey and

24     Adams.  In addition, "a defendant may not be held liable under § 1983 merely because he had

25     certain job responsibilities."  Hernandez v. Aranas, 2020 WL 569347, at *4 (D. Nev. Feb. 4,

26     2020) (citing Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)).  Instead, plaintiff must include

27     specific factual allegations showing how, or to what extent, Adams or Recarey may be held

28     personally liable for any constitutional injury.  See Ashcroft v. Iqbal, 556 U.S. 662, 676-77; Jones

1   v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege

2   with at least some degree of particularity overt acts which defendants engaged in" in order to state

3   a claim).

4          Finally, plaintiff's state law claims under California Penal Code §§ 471.5 and 673 do not

5   state a cause of action.  A private right of action under a criminal statute has rarely been implied.

6   See Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979).  Where a private right of action has been

7   implied, "there was at least a statutory basis for inferring that a civil cause of action of some sort

8   lay in favor of someone."  Id. (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)).  California Penal

9   Code section 471.5 states that "[a]ny person who alters or modifies the medical record of any

10  person, with fraudulent intent, or who, with fraudulent intent, creates any false medical record, is

11  guilty of a misdemeanor."  Cal. Pen. Code § 471.5.  However, as is clear from the language of the

12  act, section 471.5 creates only criminal liability.  See Cal. Pen. Code § 471.5 (noting that one who

13  violates the act "is guilty of a misdemeanor.").  Thus, plaintiff cannot state a cause of action

14  under the statute because "no private right was included by the Legislature when it enacted the

15  statute."  Burrows v. Adventist Health, Inc., 2004 WL 201503, at *2 (N.D. Cal. Jan. 22, 2004).

16  Therefore, this claim must be dismissed without leave to amend.  Noll v. Carlson, 809 F.2d 1446,

17  1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203

18  F.3d 1122 (9th Cir. 2000) (en banc).  Plaintiff's claim under California Penal Code § 673 fails for

19  the same reason.  See, e.g., Romo v. Cate, 2014 WL 4276071, at *14 (E.D. Cal. Aug. 29, 2014)

20  (finding that Cal. Penal Code §§ 147 and 673 did not create a private right of action);[2] Jones v.

21  Virga, 2012 WL 1868669, at *4 (E.D. Cal. May 22, 2012) ("California Penal Code § 673 includes

22  no provision for civil enforcement of any kind that is available to plaintiff").  Accordingly,

23  plaintiff fails to state a claim under such statutes.

24         In light of the above deficiencies, plaintiff's motion to amend is denied without prejudice

25  to plaintiff renewing his motion to amend, accompanied by a proper proposed amended

26  _____

27  [2]  The report and recommendation cited in Romo was modified on other grounds at 2014 WL
    4656203 (E.D. Cal. Sept. 16, 2014), and adopted as modified at 2014 WL 4929461 (E.D. Cal.
28  Sept. 30, 2014).

complaint.

Due to the current COVID-19 pandemic, as well as the fact that the court found plaintiff stated potentially cognizable claims in his original complaint, and defendants Barber and Monsour have filed an answer, this action will proceed on plaintiff's original complaint unless and until plaintiff renews his motion to amend, accompanied by a proposed amended complaint that complies with this order.

If plaintiff elects to renew his motion to amend his complaint, he has sixty days in which to do so.  He is not obligated to amend his complaint.  He is reminded of the following relevant standards:

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions-of-confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9 (1992).  "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety."  Johnson v. Lewis, 217 F.3d 726, 731-32 (9th Cir. 2000) (quotations and citations omitted).

To state an Eighth Amendment claim predicated on allegedly deficient medical care, a plaintiff must allege facts showing that:  (1) he had a serious medical need; and (2) the defendant's response to that need was deliberately indifferent.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Jett, 439 F.3d at 1096.  To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  A claim of negligence, even gross negligence constituting medical malpractice, does not establish deliberate indifference under the Eighth Amendment. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

5

1  Potential Renewed Amendment

2          If plaintiff renews his motion to amend, in the proposed amended complaint, plaintiff

3  must demonstrate how the conditions about which he complains resulted in a deprivation of

4  plaintiff's constitutional rights.  See e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the

5  complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode,

6  423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some

7  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo,

8  423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and

9  conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.

10  Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  No defendant can be liable merely because he

11  or she held a position of general authority or was responsible for supervising others; there is no

12  respondeat superior liability under Section 1983.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

13  1989).  A supervisor may be liable only if (1) he or she is personally involved in the constitutional

14  deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful

15  conduct and the constitutional violation.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir.

16  2013).

17          Plaintiff does not have a "constitutional entitlement to a specific prison grievance

18  procedure."  Fairley v. Shelton, 664 F. App'x 616, 617 (9th Cir. 2016) (citation and internal

19  quotation marks omitted).  Thus, plaintiff cannot state a cognizable due process claim based on an

20  individual's role in addressing an inmate grievance.

21          In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

22  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

23  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

24  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

25          The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

26  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

27  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

28  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

6

1   set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

2   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

3   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must

4   not include any preambles, introductions, argument, speeches, explanations, stories, griping,

5   vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v.

6   Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for

7   violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998)

8   (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

9   prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's

10  pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including

11  many defendants with unexplained, tenuous or implausible connection to the alleged

12  constitutional injury, or joining a series of unrelated claims against many defendants, very likely

13  will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's

14  action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

15      The court is not required to review exhibits to determine what plaintiff's charging

16  allegations are as to each named defendant.[3]  The charging allegations must be set forth in the

17  amended complaint so defendants have fair notice of the claims plaintiff is presenting.

18      A prisoner may bring no § 1983 action until he has exhausted such administrative

19  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v.

20  Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "departmental

21  policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir]

22  welfare. . . ."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be presented on a CDC

23

24  [3]  While exhibits are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  Plaintiff is advised that it is not the duty of the

25  court to look through all of his exhibits to determine whether or not he has claims cognizable under § 1983.  Rather, the court looks to the factual allegations contained in the complaint to

26  determine whether or not plaintiff has stated a cognizable claim for relief under § 1983.  This court strongly recommends that exhibits should not be submitted where (1) they serve only to

27  confuse the record and burden the court, or (2) they are intended as future evidence.  If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g.,

28  summary judgment or trial), plaintiff will have the opportunity at that time to submit evidence.

7

1    form 602 that asks simply that the prisoner "describe the problem" and "action requested."

2    Therefore, this court ordinarily will review only claims against prison officials within the scope of

3    the problem reported in a CDC form 602 or an interview or claims that were or should have been

4    uncovered in the review promised by the department.

5            An amended complaint must be complete in itself without reference to any prior pleading.

6    Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

7    ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

8    existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

9    pleading is superseded.  Any renewed amended complaint shall not exceed fifteen pages and shall

10   be filed on the court's form.

11           Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[4]  See

12   Fed. R. Civ. P. 20(a)(2).  Plaintiff is cautioned that his continued violation of court orders may

13   result in the involuntary dismissal of this action.  Fed. R. Civ. P. 41(b).

14           In the meantime, this action shall proceed on plaintiff's original complaint.

15           Accordingly, IT IS HEREBY ORDERED that:

16           1.  Plaintiff's motion to amend (ECF No. 48) is denied without prejudice.

17           2.  Plaintiff's proposed amended complaint (ECF No. 49) is disregarded.

18           3.  Plaintiff is granted sixty days in which to renew his motion to amend, accompanied by

19   his proposed amended complaint that does not exceed 15 pages and is filed on the court's form.

20   ////

21   ////

---

22   [4]  Plaintiff may properly assert multiple claims against a single defendant.  Fed. Rule Civ. P. 18.
23   Also, a plaintiff may join multiple defendants in one action where "any right to relief is asserted
     against them jointly, severally, or in the alternative with respect to or arising out of the same
24   transaction, occurrence, or series of transactions and occurrences" and "any question of law or
     fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Unrelated
25   claims against different defendants must be pursued in separate lawsuits.  See George v. Smith,
26   507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a
     multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the
27   required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous
     suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C.
28   § 1915(g)."  George, 507 F.3d at 607.

1     4.  The Clerk of the Court is directed to send plaintiff the form for filing a civil rights

2 complaint by a prisoner.

3 Dated:  May 6, 2020

4

5 KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6

7 /wilk1338.mta

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28