UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, aka NERRAH BROWN,<br><br>Plaintiff,<br><br>v.<br><br>DR. CHRISTINE S. BARBER, et al.,<br><br>Defendants. | No. 2:19-cv-1338 KJN P<br><br><br>ORDER |

Plaintiff, a state prisoner, is proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On May 18, 2020, plaintiff filed objections to this court's May 7, 2020 order denying plaintiff's motion to vacate the current scheduling order. Plaintiff sets forth various reasons why he objects, some of which this court construes as plaintiff's request to reconsider the order denying plaintiff's motion to amend.

Upon reconsideration, the undersigned is persuaded by plaintiff's objection under Rhodes v. Robinson, 621 F.3d 1002, 1007 (9th Cir. 2010) (new claims asserted in an amended complaint are to be considered by the court so long as administrative remedies with respect to those new claims are exhausted before the amended complaint is tendered to the court for filing). Therefore, the May 6, 2020 screening order is vacated so that plaintiff's new claims may be evaluated under Rhodes. Because the court is vacating the order, the undersigned declines to specifically address plaintiff's objections 3 and 4. (ECF No. 83 at 3.) The undersigned will address anew plaintiff's

motion to amend and proposed amended complaint by separate order. Accordingly, the discovery and scheduling order is vacated pending such screening, and will be reissued at an appropriate time.

In addition, plaintiff claims that the court disregarded plaintiff's motion for a Rule 35 evaluation[1] as well as his notice of fraudulent declaration. But plaintiff made these and other arguments in connection with plaintiff's prior motions for injunctive relief. To the extent that each argument included in plaintiff's motions or declarations were not specifically addressed, such arguments were implicitly overruled by the recommendation that the motions for injunctive relief be denied, as well as by the district court's adoption of such recommendations.

As noted in the May 19, 2020 order, there are no motions pending other than plaintiff's renewed motion for preliminary injunction (ECF No. 75). Plaintiff has filed multiple declarations in this action. However, any request that this court issue an order must be made by formal motion. See Fed. R. Civ. P. 7(b). Any such motion must also comply with the Local Rules of this court. By filing a formal motion, rather than just a declaration, a litigant puts all parties on notice that the litigant is seeking court action. That said, the court is not encouraging plaintiff to file multiple motions. This action was filed mid-July, 2019, and there are already 82 docket entries, over thirty of which are filings by plaintiff. Plaintiff files motions and declarations, and renews motions before the court is able to address prior motions or review new filings. Plaintiff is cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined that he has filed excessive motions in a pending action. DeLong v.

////

////

---

[1] Rule 35 of the Federal Rules of Civil Procedure provides that "[t]he court where the action is pending may order a party whose mental or physical condition -- including blood group -- is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control." Fed. R. Civ. P. 35(a)(1). "The purpose of Rule 35 is to allow a movant to request examination of a party whose mental or physical condition is in controversy, not for a party to request examination of himself for purposes of supporting his claim." Quintana v. Swarthout, 2012 WL 5499872, at *3 (E.D. Cal. Nov. 13, 2012).

1  Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990); see also Tripati v. Beaman, 878 F2d 351, 352
2  (10th Cir. 1989).[2]

3        Plaintiff continues to allege that he is subject to "extreme pain" and "criminal acts."  (ECF
4  No. 83 at 2; see also ECF No. 67.)  Plaintiff's prior motions for injunctive relief have been denied
5  by the court because plaintiff failed to demonstrate a likelihood of success on the merits, despite
6  his chronic pain, and the undersigned has issued a further briefing order on plaintiff's most recent
7  motion for injunctive relief.  (See ECF No. 52 at 7-9.)  The denial of plaintiff's prior motions for
8  injunctive relief was not based on whether or not Dr. Barber was assigned as plaintiff's primary
9  physician.  (ECF No. 52 at 9.)

10        As for plaintiff's repeated allegations that he is being subjected to "criminal acts,"
11  plaintiff is reminded that this is a **civil** action.  A private right of action under a criminal statute
12  has rarely been implied.  See Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979).  In addition, an
13  allegation of false reports, standing alone, does not rise to the level of Eighth Amendment
14  deliberate indifference.  Also, the creation of a false report is not actionable under § 1983.  See
15  Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison
16  record has not been recognized).  Therefore, the undersigned declines to construe as a motion for
17  injunctive relief plaintiff's March 13, 2020 "declaration," which is primarily based on plaintiff's
18  allegations that Dr. Barber is engaged in various "criminal acts" against plaintiff; such allegations
19  provide no basis for relief in this civil action.

20        Accordingly, IT IS HEREBY ORDERED that:
21      1. Plaintiff's objections (ECF No. 83) are partially sustained;
22      2. The May 6, 2020 order (ECF No. 77) is vacated; and
23  ////

---

[2] It has often been noted that judges in the Eastern District of California carry the heaviest caseloads in the nation, and this court is unable to devote inordinate time and resources to individual cases and matters.  See Cortez v. City of Porterville, 5 F. Supp. 3d 1160, 1162 (E.D. Cal. 2014) (same).  In addition, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).  Thus, to the extent plaintiff objects to the manner in which his case has been managed to date, such objections are overruled.

3. The discovery and scheduling order contained in the April 7, 2020 order (ECF No. 71) is vacated.

Dated: May 29, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wilk1338.83

4