UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEENAN WILKINS,

Plaintiff,

v.

DR. CHRISTINE BARBER, et al.,

Defendants.

No. 2:19-cv-1338 WBS KJN P

ORDER

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On July 6, 2020, plaintiff moved to recuse the undersigned magistrate judge pursuant to 28 U.S.C. § 144. (ECF No. 95). As discussed below, plaintiff's motion is denied.

I. Legal Standards

Federal law provides that a party may seek recusal of a judge based on bias or prejudice.

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be

1

>accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The standard for recusal under 28 U.S.C. § 144 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)).  To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source since a judge's previous adverse ruling alone is not sufficient for recusal.  See id.

Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit.  A judge who finds the affidavit legally sufficient must proceed no further under Section 144 and must assign a different judge to hear the matter.  See 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).  Nevertheless, where the affidavit is not legally sufficient, the judge at whom the motion is directed can determine the matter.  See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a Section 144 affidavit is a judge obligated to reassign decision on merits to another judge)).  If the affidavit is legally insufficient, then recusal can be denied.  See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).

II. Discussion

Plaintiff claims that the undersigned displays "grandiose bias/impartialness [sic]" "who willfully acquiesces to misconduct and criminal actions of defendants."  (ECF No. 95 at 1.)  Specifically, plaintiff first claims that despite defendants' ongoing criminal acts against plaintiff, the undersigned "admittedly 'turns a blind eye' to" such crimes because this is a "civil" action, not a "criminal" action.  (ECF No. 95 at 2, citing ECF No. 85 at 3.)  Second, plaintiff complains that the undersigned "continues to 'ignore' plaintiff's pleading, but answers the defense, citing the court's order requiring the defendant to address plaintiff's 'opportunity' to exercise," allegedly ignoring plaintiff's assertion that he "can't exercise" due to the pain, and then failed to respond to

plaintiff's subsequent notice of this error.  (ECF No. 94 at 2-3.)  Third, plaintiff complains that the court disregarded plaintiff's two notices that he was not served with defendants' response to the court's order requesting briefing on plaintiff's motion for injunctive relief.  (ECF No. 94 at 3.)

Plaintiff's second motion for recusal is again based on court rulings and the manner in which this court handled plaintiff's case.  Such issues are not proper grounds to disqualify a judge for bias and prejudice.  As the United States Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).  Instead, the judicial rulings are a basis for appeal, not recusal. See id. ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal."); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings.  That is not an adequate basis for recusal.") (citations omitted).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to recuse the undersigned (ECF No. 95) is denied.

Dated:  July 14, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wilk1338.recuse2

3