UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, aka NERRAH BROWN,<br><br>Plaintiff,<br><br>v.<br><br>DR. CHRISTINE S. BARBER, et al.,<br><br>Defendants. | No. 2:19-cv-1338 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. This case proceeds on plaintiff's second amended complaint alleging violation of his Eighth and First Amendment rights. (ECF No. 88.) On July 13, 2020, plaintiff filed a motion to seal confidential medical records filed by defendants. (ECF No. 97.) Defendant Mansour filed an opposition, and defendant Barber joined in the opposition. (ECF Nos. 109, 110.) On August 31, 2020, plaintiff filed a reply. As discussed below, the undersigned partially grants plaintiff's motion.

Initially, the court overrules plaintiff's objection that defendants' opposition to the motion to seal is untimely. It is the practice of this court to *sua sponte* rule on certain pro se motions.[1]

---

[1] Plaintiff was provided notice of such practice in the court's discovery and scheduling order (ECF No. 71 at 6.) Despite the order subsequently vacating such order, this court adheres to the briefing schedule and practice recounted here.

Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and E.D. Cal. R. 110, are briefed pursuant to L.R. 230(l).  Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion.  See L.R. 230(l).  But opposition to all other motions need be filed only as directed by the court.  On July 29, 2020, defendant Mansour was directed to respond to plaintiff's motion to seal, and on August 19, 2020, defendants Mansour and Barber timely opposed the motion.  Thus, plaintiff's untimeliness objection is overruled.[2]

Plaintiff contends that the June 9, 2020 filing by A. Adams contains confidential medical records and "plaintiff's confidential case/victimization factors that they place on his medical records to harass, prejudice and humiliate him."  (ECF No. 112 at 4-5.)  Defendants oppose the motion on the grounds that plaintiff has failed to make a particularized showing to support good cause to seal the records that directly address the issues raised herein, and because plaintiff already made his medical records public by filing medical records with prior filings.  (ECF No. 109 at 2.)

There is a strong presumption that judicial records are accessible to the public.  Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."  Id. (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).  This court has discretion to file a document under seal without redaction.  Fed. R. Civ. P. 5.2(d); Nixon v. Warner Communications, Inc., 435 U.S. 589, 599 (1978).  The Court did not identify all factors weighed in determining whether public access is appropriate, but stated "courts should consider 'the interests advanced by the parties in light of the public interest and the duty of the courts.'"  Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995), quoting Nixon, 435 U.S. at 602.

---

[2] Plaintiff continues to complain that he was not served with a copy of the June 9, 2020 filing, despite the appended declaration of service by mail attesting to June 9, 2020 mail service on plaintiff (ECF No. 89 at 13).  However, on July 2, 2020, the court served a copy of the June 9, 2020 declaration on plaintiff and granted him an extension of time in which to file a reply.  (ECF No. 94.)

The Ninth Circuit has reinforced the public's right to access documents appended to motions for injunctive relief that are "more than tangentially related to the merits of a case." Center for Auto Safety v. Chrysler Group. LLC, 809 F.3d 1092, 1100 (9th Cir. 2016). As explained by another court:

> Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (quoting Kamakana, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. The Ninth Circuit has clarified that the key in determining which standard to apply in assessing a motion for leave to file a document under seal is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." Center for Auto Safety, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied.

Chester v. King, 2019 WL 5420213, at *1 (E.D. Cal. Oct. 23, 2019).

Here, the documents plaintiff seeks to seal were appended to a response to plaintiff's motion for injunctive relief which was "inextricably intertwined" with the ultimate issues in this lawsuit. (ECF No. 111 at 11.) Thus, the undersigned must evaluate whether there are compelling reasons to seal the medical records at issue.

Review of the two medical records at issue confirm that in addition to confidential medical information, one of the appended medical records contains plaintiff's social history that includes specific details as to plaintiff's criminal history, employment/school history, home/environment history going back to his childhood, and sexual history, as well as plaintiff's family's history. (ECF No. 89 at 5-6.) Such stale, very personal, and sensitive information is not relevant to plaintiff's claims concerning adequate medical care under the Eighth Amendment. Moreover, plaintiff's objection is well-taken that the record reveals case/victimization factors. Particularly in a prison setting, such personal, sensitive and irrelevant information could put plaintiff's safety or mental health at risk. In addition, the undersigned recommended that plaintiff's motion be denied, so the public's interest in having access to such record is reduced. While plaintiff has put his medical care at issue in this action, the court finds a compelling reason

////

3

to file the first medical record containing such sensitive and confidential information under seal.[3] The undersigned finds that the need to protect plaintiff's sensitive and confidential information outweighs any necessity for disclosure at this time.  See Fed. R. Civ. P. 5.2 (d) ("The court may order that a filing be made under seal without redaction.  The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.")  Thus, if defendants need to provide the first medical record in the future (for example, in support of a dispositive motion), defendants can redact the irrelevant portions of the medical record prior to filing.

On the other hand, the second medical record is a routine physical therapy record that does not contain such sensitive information.  The undersigned does not find a compelling reason to seal the second medical record because plaintiff has put his medical care at issue in this action, such record will be pertinent to the resolution of this action, and the public's right to access such record outweighs plaintiff's interest in shielding it from public view.

Good cause appearing, IT IS HEREBY ORDERED that plaintiff's motion to seal medical records (ECF No. 97) is partially granted:

1. The Clerk of the Court is directed to remove Exhibit A from Dr. Adams' declaration (ECF No. 89 at 4-9), and file Exhibit A under seal; and

2. Plaintiff's request to seal Exhibit B is denied.

Dated:  September 10, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wilk1338.sea

---

[3] Plaintiff did not seek to seal Dr. Adams' prior declaration (ECF No. 15). The prior declaration filed by Dr. Adams did not include plaintiff's medical records or the sensitive information provided with Dr. Adams' second declaration. Rather, Dr. Adams itemized and summarized plaintiff's medical care. (ECF No. 15 at 4-11.)  Defendants argue that in plaintiff's prior filings, he submitted unredacted copies of his own medical records. But defendants did not identify such filings, and plaintiff did not move to seal any of his own filings.  The instant order does not constitute a blanket order requiring that all medical records in this case must be filed under seal, particularly given that plaintiff has put his medical care at issue in this case.  However, defendants shall take care to redact medical records containing sensitive or confidential information, such as remote social history, that is not relevant to plaintiff's underlying claims.