UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. CHRISTINE BARBER, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-1338 WBS KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On September 8, 2020, plaintiff filed his third motion to recuse the undersigned magistrate judge pursuant to 28 U.S.C. § 144. (ECF No. 114). As discussed below, plaintiff's motion is denied.

I. Legal Standards

Federal law provides that a party may seek recusal of a judge based on bias or prejudice.

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be

1

> heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The standard for recusal under 28 U.S.C. § 144 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source since a judge's previous adverse ruling alone is not sufficient for recusal. See id.

Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. A judge who finds the affidavit legally sufficient must proceed no further under Section 144 and must assign a different judge to hear the matter. See 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Nevertheless, where the affidavit is not legally sufficient, the judge at whom the motion is directed can determine the matter. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a Section 144 affidavit is a judge obligated to reassign decision on merits to another judge)). If the affidavit is legally insufficient, then recusal can be denied. See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).

II. Discussion

Plaintiff claims that it is well known throughout the Eastern District that the undersigned's "agenda is . . . to look for ways to shut down inmate plaintiff's meritorious claims." (ECF No. 114 at 2.) Specifically, plaintiff claims that the undersigned is helping defendants litigate and "ignoring their criminal acts." (ECF No. 114 at 3.) As examples, plaintiff points to the "excessively delayed" findings and recommendations that recommended plaintiff's motion for temporary restraining order be denied, claiming the undersigned "turned a blind eye" to the defendants' "criminal acts" because this is a civil action. Further, despite defendants' ongoing

criminal acts against plaintiff, the undersigned "'turns a blind eye' to" such crimes because this is a "civil" action, not a "criminal" action, and wholly failed to address plaintiff's evidence that defendants filed two "fraudulent and perjured declarations in opposition to plaintiff's motions, and wrongfully relied on such declarations. (ECF No. 114 at 4-5.) Moreover, plaintiff objects that after the defendants did not file a timely opposition to plaintiff's motion to seal, the court ordered defendants to oppose it. (ECF No. 114 at 8.) Plaintiff claims he "is litigating against defendants 'blank check' team of lawyers and the court." (Id.)

Plaintiff's third motion for recusal is again based on court rulings and the manner in which this court handled plaintiff's case. Such issues are not proper grounds to disqualify a judge for bias and prejudice. As the United States Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Instead, the judicial rulings are a basis for appeal, not recusal. See id. ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal."); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.") (citations omitted).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to recuse the undersigned (ECF No. 114) is again denied.

Dated:  October 19, 2020

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wilk1338.recuse3

3