UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, aka NERRAH BROWN,<br><br>Plaintiff,<br><br>v.<br><br>DR. CHRISTINE S. BARBER, et al.,<br><br>Defendants. | No. 2:19-cv-1338 KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. On September 28, 2020, plaintiff filed a reply to defendants' response to plaintiff's objections to the August 26, 2020 findings and recommendations. However, the findings and recommendations provided for objections and a response to the objections. There was no provision for a reply to the response, and plaintiff did not seek leave of court to file such a reply. (ECF No. 111 at 13.) Moreover, on September 25, 2020, the district court adopted the findings and recommendations. Therefore, plaintiff's reply is disregarded as improperly filed.

Plaintiff's reply was accompanied by a motion to file certain medical records under seal. However, because plaintiff's reply was improperly filed, no medical records are required. Thus, plaintiff's motion is denied without prejudice. The Clerk of the Court is directed to retain the motion (ECF No. 126 at 1-2, 28), but to remove and return plaintiff's medical records to plaintiff

1

(ECF No. 126 at 3-27). However, in the future, if plaintiff intends to seek to seal medical records, he may wish to first seek leave of court to file such records, itemizing the records and justifying his request to seal such records as explained in the court's September 11, 2020 order. (ECF No. 116.) This requirement is because when plaintiff submits documents to the court, medical records or otherwise, they are scanned into the electronic docket and become part of the public record immediately. Moreover, as explained in the prior order, whether or not medical records will be sealed is not automatic. Plaintiff has put his medical treatment at issue, and there is a strong presumption that judicial records are accessible to the public. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).

Finally, on September 14, 2020, plaintiff filed a motion for a court order to record all of plaintiff's medical appointments while this action is pending. Plaintiff's motion is based on his subjective belief that all medical professionals at the California Health Care Facility falsify medical notes "each" time he requests or obtains such records from medical officials, and contends that "there is an out of control custom/practice for CDCR medical officials to willfully falsify notes." (ECF No. 118 at 2.) Plaintiff sought a stipulation from counsel for defendants, who declined. (ECF No. 118 at 4-7.) Defendants dispute plaintiff's allegations that any medical records have been falsified. (ECF No. 118 at 4, 5.)

Plaintiff's motion is overbroad and unsupported by any legal authorities. Plaintiff has been provided the standards governing motions for injunctive relief on several occasions, and has failed to address all of the elements required to support his request. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008); (ECF No. 52, 88). As plaintiff has been previously informed, this court does not have jurisdiction over nonparties. (ECF No. 52 at 7.) The pendency of an action does not give the court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). This court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969. Further, requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief [sought] is

narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Id. Plaintiff's request that the court order that all of plaintiff's future medical appointments be recorded is overbroad and not narrowly tailored to constitute the least intrusive means necessary to correct the violation of a federal right.

    For all of the above reasons, and because plaintiff's motion is insufficiently supported, the motion is denied without prejudice.

    Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's motion (ECF No. 118) is denied;

    2. Plaintiff's motion (ECF No. 126) is denied without prejudice; and

    3. The Clerk of the Court is directed to retain plaintiff's motion (ECF No. 126 at 1-2, 28), but to remove and return to plaintiff his medical records (ECF No. 126 at 3-27).

Dated:  October 19, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wilk1338.med

3