UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, aka NERRAH BROWN,<br><br>Plaintiff,<br><br>v.<br><br>DR. CHRISTINE S. BARBER, et al.,<br><br>Defendants. | No. 2:19-cv-1338 WBS KJN P<br><br>ORDER AND REVISED SCHEDULING ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff's motion for extension of time to complete discovery and for appointment of counsel are before the court. As discussed below, plaintiff's motion to modify the scheduling order is granted, and his motion for appointment of counsel is denied.

Operative Scheduling Order

On September 29, 2020, the undersigned issued a discovery and scheduling order; the deadline for discovery was set for January 22, 2021, and all requests for discovery pursuant to Federal Rules of Civil procedure 31, 33, 34 or 36 must be served not later than sixty days prior to such date. (ECF No. 124 at 6.) In other words, discovery requests must be served on or before November 23, 2020.

////

////

Motion to Modify the Scheduling Order

Plaintiff seeks an extension of the discovery deadline, based on (1) an alleged "non-current" inadequate Lexis machine, and denial of his PLU library privileges, copies, forms and supplies since August or 2020; and claims he does not know what motions/requests fall under rules 31, 33, 34 and 36 of the Federal Rules of Civil Procedure.  (ECF No. 131 at 2.)  In his subsequently-filed motion for counsel, plaintiff claimed that on November 29, 2020, he was informed that the Lexis machine was inoperable, and did not know when it might be repaired.  (ECF No. 132 at 2.)  After ordering defendants to respond, plaintiff filed a notice stating that he has been on medical quarantine since November 25, 2020, and confined to quarters since December 4, 2020, due to the Covid-19 pandemic.  (ECF No. 134.)

On December 28, 2020, defendants Dredar, Gates, Monsour, Recarey and Singh filed their response and the declaration of prison librarian S. Koubong.  (ECF No. 135.)  Koubong is familiar with plaintiff, described as "an avid library user who has several ongoing lawsuits," and who has been on priority legal user ("PLU") status since before and during the modified programming due to the Covid-19 pandemic.  (ECF No. 135-1 at 2.)  From August 24, 2020, to October 14, 2020, plaintiff "regularly availed himself" of the library's modified process, submitting written requests via CDCR 22 forms.  But since October 14, 2020, Koubong declares that "library staff has not received any written requests from Wilkins."  (Id.)  On November 5, 2020, a memo advising inmates they could now submit a written request for library time was posted in the housing units, but as of December 28, 2020, no request from plaintiff had been received.  (ECF No. 135-1 at 2.)  Koubong declared that the LLED computer in plaintiff's housing unit was updated on December 9, 2020, and "there were no problems with the computer."  (Id.)  In addition, defendants argue that plaintiff has "drafted and served written discovery requests on defendant Barber within the time frame [plaintiff] discusses in his request." (ECF No. 135 at 3.)  Defendants point out that "plaintiff has filed ten separate documents with the court since August, 2020, including several case-specific motions citing case law."  (Id.)

Defendant Barber joined in the December 28, 2020 response.  (ECF No. 136.)

////

2

In reply, plaintiff contends that it is "patently false" that the Lexis research computer was updated on December 9, 2020, and provides a copy of his letter to Koubong's supervisor arguing that the computer was last updated on October 14, 2020. (ECF No. 137 at 3.) In addition, plaintiff provides multiple copies of various requests he has submitted since August of 2020, in which plaintiff complained his requests for PLU access to the library were denied, and his requests for forms and supplies were also denied. Plaintiff states he has also filed multiple grievances concerning his inability to access the library.

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

Here, plaintiff failed to specifically identify the discovery requests he still needs to propound, and also failed to explain why the date the Lexis computer was updated is relevant to any such discovery request.[1] It does not appear that plaintiff's allegations involve a novel question of law; rather, the instant action is based on plaintiff's Eighth Amendment claims concerning medical care, and a related retaliation claim against defendant Barber.

Also, the court finds disingenuous plaintiff's claim that he does not know what motions and requests fall under the Federal Rules governing discovery because plaintiff already responded to discovery requests by defendant Barber, and filed copies of defendant Mansour's discovery requests with plaintiff's reply. In addition, the court directed plaintiff to such rules in the court's initial April 7, 2020 discovery and scheduling order, as well as in the current discovery and scheduling order issued September 29, 2020. Thus, plaintiff has had ample opportunity to obtain

////

---

[1] In reply, plaintiff did not renew his claim that the Lexis computer is inoperable.

3

1 copies of such federal rules through the prison's paging system, if not during his previous
2 physical access to the library.²

3 　　　As argued by defendants, the record does reflect that plaintiff filed multiple documents
4 since August of 2020, many citing legal authorities that suggest plaintiff had access to legal
5 research as well as supplies to accomplish such filings.  (ECF Nos. 113, 117, 118, 119, 123, 125,
6 126.)  However, all of these filings were made before the court issued its discovery and
7 scheduling order on September 29, 2020.

8 　　　Given plaintiff's prolific filings in this case, as well as his failure to address the issue of
9 what discovery remains to be propounded, the court is not completely convinced that plaintiff has
10 diligently pursued discovery in this action.  However, plaintiff has provided documents
11 confirming his multiple efforts to obtain PLU access in August, September, and October of 2020.
12 In addition, plaintiff has demonstrated that as a result of an inmate testing positive for Covid-19,
13 plaintiff's housing unit has been confined to quarters since November, which denies access to the
14 dayroom, as well as the Lexis computer, noting that in two weeks, CHCF had an increase of
15 Covid-19 positive tests from 3 to 342, with three deaths.  Given such issues, the court will, in an
16 abundance of caution, grant an extension of the discovery deadline.  However, plaintiff may not
17 wholly rely on accessing the physical law library or being granted PLU status.  Rather, plaintiff
18 must avail himself of whatever modified processes are available to prosecute this action,
19 including the prison's paging system.  Plaintiff is cautioned that he must forthwith propound his
20 discovery requests inasmuch as the court is not inclined to again modify the discovery and
21 scheduling order.  Plaintiff is reminded that the purpose of discovery is to solicit facts and
22 evidence supporting plaintiff's Eighth Amendment claims, and First Amendment claim against
23 defendant Barber.  All parties are required to cooperate in the discovery process, and failure to do
24 so may result in the imposition of sanctions.  Fed. R. Civ. P. 37.

---

25 ² Plaintiff also notes that in his Case No. 16-cv-0475 TLN, he sought a similar extension of the
26 discovery deadline; the defendants did not oppose the motion, and the court did not order further briefing, just granted plaintiff's request outright.  However, in such case, the court had not
27 previously issued a scheduling order.  In addition, Rule 16(b) requires each judge to evaluate good cause and the moving party's diligence as demonstrated in the case in which the motion is
28 filed.

4

<u>Motion to Appoint Counsel</u>

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. <u>See</u> 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u> Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

The court record amply demonstrates plaintiff's knowledge of his claims in this action, as well as his ability to advocate for himself. Because discovery is ongoing, the court cannot find that plaintiff is likely to succeed on the merits of his claims at this stage of the proceedings. Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to extend the discovery deadline (ECF No. 131) is granted;

2. The parties are granted until February 22, 2021, in which to propound discovery requests; any motions to compel further discovery responses shall be filed no later than April 23, 2021.

3. The September 29, 2020 discovery and scheduling order is revised as follows: (a) The discovery deadline is extended to April 23, 2021; the deadline for filing pretrial motions, except motions to compel discovery, is extended to June 22, 2021. In all other respects, the September 29, 2020 discovery and scheduling order remains in effect.

4. Plaintiff's motion for the appointment of counsel (ECF No. 132) is denied without prejudice.

Dated:  January 13, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wilk1338.16b.31