UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, aka NERRAH BROWN,<br><br>            Plaintiff,<br><br>     v.<br><br>DR. CHRISTINE S. BARBER, et al.,<br><br>            Defendants. | No. 2:19-cv-1338 WBS KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, and seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's motion for preliminary injunction is before the court. (ECF No. 119.) As discussed below, the undersigned recommends that plaintiff's motion be denied.

I. Plaintiff's Second Amended Complaint

Plaintiff suffers from myriad serious medical conditions including a disc herniation, syringomyelia, spondylosis, and alleged shoulder separation that causes him extreme pain. Plaintiff also has schizophrenia, and at times has suicidal ideations due to pain. Plaintiff contends that defendants have delayed and denied him adequate medical care resulting in the unnecessary wanton infliction of pain and inability to conduct basic necessities, such as exercise, sleep, etc., in deliberate indifference to his serious medical needs. (ECF No. 88 at 2.) Plaintiff raises three claims for relief, but the instant motion only pertains to his shoulder separation and the refusal to provide plaintiff with an MRI for same.

1

In his first claim, plaintiff alleges that on May 3, 2019, plaintiff saw an outside orthopedist for plaintiff's shoulder separation that allegedly had gone unaddressed since December of 2015. The orthopedist recommended plaintiff receive a cortisone shot in his shoulder, which plaintiff did not receive until July 25, 2019; the shot did not help with the pain. To date, plaintiff still has not had the MRI or a return appointment with the specialist. (ECF No. 88 at 7.)

On October 3, 2019, plaintiff attended physical therapy for his shoulder, but was informed it would not help his shoulder. On November 12, 2019, plaintiff saw Dr. Dredar with a correctional officer present. Dr. Dredar did not evaluate plaintiff, despite plaintiff reporting his extreme pain and that Tylenol did not help. Dr. Dredar denied plaintiff adequate pain medication and the MRI. After the appointment, plaintiff alleges Dr. Dredar entered a false note stating plaintiff was evaluated, was uncooperative, and that after the appointment, Dr. Dredar watched plaintiff with an officer outside and plaintiff was using his arm. Plaintiff alleges Officer Acero provided written verification that this was all false. (ECF No. 88 at 9.)

Plaintiff's second and third claims are not pertinent to the instant motion concerning plaintiff's shoulder injury.

Plaintiff seeks unspecified injunctive relief, declaratory relief, and money damages. (ECF No. 88 at 15.)

II. Prior Motions for Injunctive Relief

Prior to filing the instant motion, plaintiff previously filed five motions for injunctive relief. (ECF Nos. 6, 26, 47, 75, 86.) The district court adopted the undersigned's findings and recommendations and denied plaintiff's motions. (ECF Nos. 59, 52, 122.)

III. Law Governing Motions for Injunctive Relief

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).

1    An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.

2    See Winter, 555 U.S. at 22 (citation omitted).

3         The propriety of a request for injunctive relief hinges on a significant threat of irreparable

4    injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668,

5    674 (9th Cir. 1988).  Speculative injury does not constitute irreparable harm.  See id.; Goldie's

6    Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual

7    threat must be shown, although the injury need not be certain to occur.  Zenith Radio Corp. v.

8    Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80

9    (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998).

10        In cases brought by prisoners involving conditions of confinement, any preliminary

11   injunction "must be narrowly drawn, extend no further than necessary to correct the harm the

12   court finds requires preliminary relief, and be the least intrusive means necessary to correct the

13   harm."  18 U.S.C. § 3626(a)(2).  "[I]n the prison context, a request for injunctive relief must

14   always be viewed with great caution because judicial restraint is especially called for in dealing

15   with the complex and intractable problems of prison administration."  Goff v. Harper, 60 F.3d

16   518, 520 (8th Cir. 1995) (citation and internal quotation marks omitted).

17   IV.  Plaintiff's Motion

18        Plaintiff seeks an order requiring he be provided an MRI of his shoulder.  Plaintiff claims

19   that he suffers from an A/C shoulder separation that was reinjured on January 7, 2019, that causes

20   plaintiff severe pain and impairment.  (ECF No. 119 at 1-2.)  On May 3, 2019, a specialist

21   recommended plaintiff receive a cortisone shot, and if unsuccessful, an MRI before plaintiff's

22   return appointment.  On July 25, 2019, plaintiff received the cortisone shot which offered no

23   relief.  Instead of getting an MRI and being returned to the specialist, in October of 2019, plaintiff

24   received physical therapy; the therapist advised that physical therapy would be ineffective which

25   plaintiff alleges had already been determined at a prior institution.  (ECF No. 119 at 2.)

26   Following Dr. Barber's retirement, Dr. Singh, plaintiff's new primary care physician, requested

27   an MRI, including new information, but the request was denied again.  On or about September 2,

28   2020, Dr. Singh made a third request for an MRI, which was again denied.  Plaintiff asked Dr.

Singh to recommend plaintiff be returned to the specialist, but Dr. Singh replied that such request would be futile without the MRI.  Plaintiff claims his arm and shoulder are "'daily'" impaired" and painful; often he must use his right arm to squeeze pressure to temporarily relieve the agony in his left shoulder.  (ECF No. 119 at 3.)  Plaintiff claims that at times his shoulder/arm "goes numb" which poses a safety risk when he uses his walker.  (ECF No. 119 at 3-4.)

      B.  <u>Discussion</u>

Plaintiff has repeatedly sought injunctive relief in this action.  The current motion attempts to obtain injunctive relief related to the denial of an MRI in connection with his shoulder separation which was sustained sometime prior to December of 2015.  Plaintiff's amended complaint alleges that defendant Dredar denied plaintiff an MRI for plaintiff's shoulder, which was recommended by a specialist on May 3, 2019.  The fact that plaintiff's pending motion for injunctive relief reflects an ultimate issue in this case renders preliminary injunctive relief inappropriate.[1]  "Since the ultimate issues in this lawsuit are inextricably intertwined with the assertions in this motion for injunctive relief, a ruling on the motion might be perceived as speaking in some way to the ultimate issues in this case[,] and the Court should refrain from prematurely granting such relief."  <u>Green v. Hawkinberry</u>, 2015 WL 507057, at *3, 2015 U.S. Dist. LEXIS 14597, at *7 (W.D. Pa. Feb. 6, 2015) (collecting cases), <u>reconsideration denied</u>, 2015 WL 757407, 2015 U.S. Dist. LEXIS 21260 (W.D. Pa. Feb. 23, 2015).[2]  <u>See also</u> <u>Wesley v.</u>

---

[1] Ultimately, plaintiff must show that the challenged course of treatment was medically unacceptable under the circumstances and chosen in conscious disregard of an excessive risk to plaintiff's health.  <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1986).  The difference of opinion between a prisoner and physician regarding treatment does not establish deliberate indifference.  <u>Id.</u>  This rule applies whether the difference is between the medical professional(s) and a prisoner or two or more medical professionals.  <u>Hamby v. Hammond</u>, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted).

[2] Where a prisoner's "'request for immediate relief in his motion for preliminary injunction necessarily seeks resolution of one of the ultimate issues presented in [the] . . . Complaint, . . . [the] [p]laintiff cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court or at trial.  As a result, [p]laintiff's motion for preliminary injunction should be denied.'"  <u>Green</u>, 2015 WL 507057, at *2, 2015 U.S. Dist. LEXIS 14597, at *8-9, quoting <u>Messner v. Bunner</u>, 2009 WL 1406986, at *5 (W.D. Pa. May 19, 2009).

Sec'y Pennsylvania Dep't of Corr., 569 F. App'x 123, 125 (3d Cir. 2014) (plaintiff "sought the same ultimate injunctive relief that he sought in his complaint," suggesting "a disagreement about a course of medical treatment provided in a prison.  Accordingly, the likelihood of [plaintiff's] success on the merits was unclear. . . . [and he] did not make a clear showing of immediate irreparable harm.").  For this reason, the court finds that plaintiff has failed to demonstrate a likelihood of success on the merits of this action, or irreparable harm in the absence of preliminary injunctive relief in being denied an MRI at this time.

In addition, the balance of equities weighs in favor of defendants because plaintiff seeks preliminary injunctive relief on ultimate issues in this case, and the public interest weighs in favor of not interfering with prison administration, particularly with regard to medical treatment.  "Defendants' interests and the public interests in penological order could be adversely [a]ffected if the Court began dictating the treatment for the plaintiff, one inmate out of thousands in the state prison system."  Green, 2015 WL 507057, at *4, 2015 U.S. Dist. LEXIS 14597, at *9-10 (citation and internal punctuation and quotation marks omitted).

Therefore, the undersigned finds that the factors warranting preliminary injunctive relief weigh against plaintiff, and his motion (ECF No. 119) should be denied.

V.  Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 119) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

////

////

////

1 | parties are advised that failure to file objections within the specified time may waive the right to
2 | appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 | Dated: January 13, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wilk1338.pi6