UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, aka NERRAH BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. CHRISTINE S. BARBER, et al.,<br><br>    Defendants. | No. 2:19-cv-1338 WBS KJN P<br><br>ORDER AND REVISED SCHEDULING ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's Eighth Amendment claims concerning medical care, and a related retaliation claim against defendant Barber. Plaintiff sought clarification of this court's January 14, 2021 order modifying the scheduling order and now seeks further extension of time to complete discovery. As discussed below, plaintiff's motion for clarification is partially granted, and his motion to extend the discovery deadline is granted.

Operative Scheduling Order

On September 29, 2020, the undersigned issued a discovery and scheduling order; the deadline for discovery was set for January 22, 2021, and required that all requests for discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 must be served not later than sixty days prior to such date. (ECF No. 124 at 6.) In other words, discovery requests propounded by any party must be served on or before November 23, 2020.

1

On January 14, 2021, plaintiff's motion to extend the discovery deadline was granted. The parties were granted until February 22, 2021, in which to propound discovery requests, and any motions to compel further discovery responses were due no later than April 23, 2021. (ECF No. 139 at 5.) The dispositive motions deadline was extended to June 22, 2021.

Motion for Clarification[1]

Plaintiff claims that the focus of his request to extend the discovery deadline was to enlarge the time to file motions under Rules 31, 33, 34 and 36 of the Federal Rules of Civil Procedure. Plaintiff objects that the court failed to address plaintiff's claim that defendants untimely served requests for interrogatories and request for admissions dated November 23, 2020 (ECF No. 137 at 2). Plaintiff asks the court to clarify that the new discovery deadline of February 22, 2021, applies to such pending discovery requests.

Plaintiff is advised that under the initial scheduling order, discovery requests were to be propounded sixty days prior to the discovery deadline, January 22, 2021. Sixty days prior to January 22, 2021, was Monday, November 23, 2020. Thus, defendants' discovery requests were timely propounded and plaintiff was required to respond. The court is not required to calculate deadlines for litigants. If a party fails to timely respond to discovery requests, it is incumbent upon the propounding party to file a motion to compel.

Although plaintiff complains that the court disregarded his claims that he was denied supplies and legal materials and forms since August, the court's order noted that "the record does reflect that plaintiff filed multiple documents since August of 2020, many citing legal authorities that suggest plaintiff had access to legal research as well as supplies to accomplish such filings. (ECF Nos. 113, 117, 118, 119, 123, 125, 126.)" (ECF No. 139 at 4.) Despite that fact, plaintiff's motion for extension of the discovery deadline was granted. (ECF No. 139.)

Further, in his motion for clarification, plaintiff also seeks an order requiring prison officials to (1) respond to his paging requests; (2) provide legal materials; (3) provide supplies;

---

[1] Plaintiff also sought correction of an error included in the footnote of the January 14, 2021 order (ECF No. 139 at 4 n.2.). (ECF No. 143 at 2.) Plaintiff is correct that the court in plaintiff's case No. 16-cv-0475 TLN previously issued a scheduling order.

2

(4) provide confidential access to copies (i.e., not require plaintiff to send legal documents in the mail for copies to be read by anyone and lost; and (5) provide plaintiff with all privileges afforded to PLU inmates.  (ECF No. 143 at 4.)

Plaintiff's request is too general and too broad.[2]  In addition, the record reflects that plaintiff has met all court deadlines.  Since the court issued its order on January 14, 2021, plaintiff has filed at least thirteen other documents.  (ECF Nos. 141-157.)  Thus, plaintiff has not shown that he is unable to access paper, pens, envelopes, or postage.  To the extent that plaintiff needs additional time to meet deadlines in this action he may move for an extension of time.  The court notes that prison officials are coping with COVID-19 outbreaks, as also documented by plaintiff's filings, and the inability to physically attend the law library was part of the positive steps prison officials took to limit exposure to the virus.  Filings in this court suggest prison officials are now easing such restrictions in light of access to vaccines for the virus.  Indeed, the CDCR website reflects that 83% of the inmate population at California Health Care Facility is fully vaccinated.[3]  Plaintiff's request is denied without prejudice.

<u>Motion to Modify the Scheduling Order</u>

Plaintiff seeks a further extension of the discovery deadline to "complete currently pending discovery tasks."  (ECF No. 156 at 3.)  Because plaintiff's prior motion for clarification was pending, and plaintiff filed a timely motion to compel discovery, the court addresses the motion ex parte.

<u>Governing Standards</u>

"The district court is given broad discretion in supervising the pretrial phase of litigation."  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good

---

[2] Requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  <u>Id.</u>

[3] CDCR Vaccination Tracker, < https://www.cdcr.ca.gov/covid19/population-status-tracking/> accessed May 5, 2021.

cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

Discussion

In his prior motion, plaintiff failed to specifically identify the discovery requests he still needs to propound. In the instant motion, plaintiff sets forth multiple discovery requests that remain pending, some of which are addressed in his timely-filed motion to compel further responses. Because plaintiff did not receive responses until the deadline, which was exacerbated by the 45-day response deadline, it appears that plaintiff was unable to review all responses in time to raise discovery disputes prior to the deadline. Also, plaintiff declares that the CTQ quarantine did not end until March 17, 2021. (ECF No. 156 at 3.) Therefore, the undersigned finds good cause to extend the discovery deadline to permit resolution of any pending discovery disputes for discovery propounded prior to the revised discovery deadline. Absent further order of court, no further discovery requests may be propounded by any party.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for clarification (ECF No. 143) is partially granted.

2. Plaintiff's motion to extend the discovery deadline (ECF No. 156) is granted;

3. Discovery is extended for the sole purpose of resolving discovery disputes for discovery requests propounded on or before April 23, 2021. The parties are granted until June 24, 2021, in which to file motions to compel further discovery responses.

4. The deadline for filing pretrial motions, except motions to compel discovery, is extended to August 25, 2021. In all other respects, the September 29, 2020 discovery and scheduling order remains in effect.

5. Plaintiff's motion to compel discovery (ECF No. 155) was timely-filed under the mailbox rule, and shall be briefed pursuant to Local Rule 230(l).

Dated: May 7, 2021

/wilk1338.16b.clar

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE