1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEENAN WILKINS (AKA NERRAH                    No.  2:19-cv-1338 WBS KJN P
     BROWN),
12
                  Plaintiff,
13                                                  ORDER
            v.
14
     DR. CHRISTINE BARBER, et al.,
15
                  Defendants.
16

17          Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff's motions to compel

18   discovery are fully-briefed.  As discussed below, the motions are denied.

19   I.  Plaintiff's Second Amended Complaint

20          This action proceeds on plaintiff's second amended complaint against defendants Barber,

21   Singh, Recarey, Adams, Gates and Dredar.[1]  (ECF No. 88.)  The court found plaintiff stated

22   potentially cognizable Eighth Amendment claims against all of the defendants, and a First

23   Amendment retaliation claim as to defendant Barber, as well as various state law claims.  (ECF

24   No. 99.)  Plaintiff's specific allegations, known to the parties, are also set forth in the August 26,

25   2020 findings and recommendations issued by the undersigned, and are not repeated here.  (ECF

26   No. 111 at 11-5.)

27   _____

28   [1]  Defendant Le was dismissed on August 6, 2020.  (ECF No. 105.)

1   II. <u>Plaintiff's First Motion to Compel</u>

2          Plaintiff seeks to compel further production of documents and answers to interrogatories.

3                  A.  <u>Applicable Legal Standards</u>

4          Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may

5   move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P.

6   37(a)(3)(B).  Such "motion may be made if:  (i) a deponent fails to answer a question asked under

7   Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or

8   31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails

9   to produce documents or fails to respond that inspection will be permitted -- or fails to permit

10  inspection -- as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B).  An "evasive or

11  incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or

12  respond."  Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery

13  and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  Hunt v. Cnty.

14  of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust,

15  633 F.3d 828, 833 (9th Cir. 2011)).

16         Plaintiff bears the burden of informing the court (1) which discovery requests are the

17  subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the

18  response is deficient, (4) why defendants' objections are not justified, and (5) why the

19  information he seeks through discovery is relevant to the prosecution of this action.  McCoy v.

20  Ramirez, 2016 WL 3196738 at *1 (E.D. Cal. 2016); Ellis v. Cambra, 2008 WL 860523, at *4

21  (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his

22  motion to compel, and, for each disputed response, inform the court why the information sought

23  is relevant and why defendant's objections are not justified.").

24         The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for

25  production, "extends to all relevant documents, tangible things and entry upon designated land or

26  other property."  Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-73 (D. Nev. 1998), citing 8A

27  C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381.  "For each item or

28  category, the response must either state that inspection and related activities will be permitted as

1  requested or state with specificity the grounds for objecting to the request, including the reasons."

2  Fed. R. Civ. P. 34(b)(2)(B).  The responding party is responsible for all items in "the responding

3  party's possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  Actual possession, custody, or

4  control is not required.  Rather, "[a] party may be ordered to produce a document in the

5  possession of a non-party entity if that party has a legal right to obtain the document or has

6  control over the entity who is in possession of the document."  Soto v. City of Concord, 162

7  F.R.D. 603, 619 (N.D. Cal. 1995).  "The party seeking production of the documents bears the

8  burden of proving that the documents are in the other party's possession, custody, or control."

9  Philippe Charriol Int'l Ltd. v. A'lor Int'l Ltd., 2016 WL 7634440, at *2 (S.D. Cal. Mar. 10, 2016)

10  (citing United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO, 870 F.2d 1450,

11  1452 (9th Cir. 1989)).

12        The purpose of discovery is to "remove surprise from trial preparation so the parties can

13  obtain evidence necessary to evaluate and resolve their dispute."  U.S. ex rel. O'Connell v.

14  Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).

15  Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

16  permitted:

17  Parties may obtain discovery regarding any nonprivileged matter that
18  is relevant to any party's claim or defense and proportional to the
   needs of the case, considering the importance of the issues at stake
   in the action, the amount in controversy, the parties' relative access
19  to relevant information, the parties' resources, the importance of the
   discovery in resolving the issues, and whether the burden or expense
20  of the proposed discovery outweighs its likely benefit.  Information
   within this scope of discovery need not be admissible in evidence to
21  be discoverable.

22  Id.  "Relevance for purposes of discovery is defined very broadly."  Garneau v. City of Seattle,

23  147 F.3d 802, 812 (9th Cir. 1998).  "The party seeking to compel discovery has the burden of

24  establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the

25  party opposing discovery has the burden of showing that the discovery should be prohibited, and

26  the burden of clarifying, explaining or supporting its objections."  Bryant v. Ochoa, 2009 WL

27  1390794 at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

28  ////

3

1    Interrogatories

2          Rule 33 of the Federal Rules of Civil Procedure provides that a party may serve upon

3    another party written interrogatories that relate to any matter that may be inquired into under Rule

4    26(b). Fed. R. Civ. P. 33(a). "Each interrogatory must, to the extent it is not objected to, be

5    answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). The person who

6    answers interrogatories must verify the responses by signing them. Fed. R. Civ. P. 33(b)(5); see

7    also Hash v. Cate, 2012 WL 6043966, at *3 (N.D. Cal. Dec. 5, 2012) ("interrogatory responses. . .

8    must contain facts, and the party responding must verify that those facts are true and correct to the

9    best of his knowledge").

10          Request for Production of Documents

11          With respect to requests for production, a party may propound requests for production of

12    documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P.

13    34(a). A party objecting to a request for production must state the reasons for the objection. Fed.

14    R. Civ. P. 33(b)(2)(B).

15          Local Rule 251

16          As set forth in the court's scheduling order, "unless otherwise ordered, Local Rule 251

17    shall not apply." (ECF No. 124 at 5.)

18          B. Elements of Plaintiff's Underlying Claims

19          Eighth Amendment Claims

20          "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

21    must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091,

22    1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff

23    to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition

24    could result in further significant injury or the unnecessary and wanton infliction of pain,'" and

25    (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096

26    (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60

27    (9th Cir. 1992)).

28    ////

4

First Amendment Claims

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the prison context has five elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

C.  Plaintiff's Discovery Requests

Initially, the court notes that plaintiff failed to specifically identify each discovery request by number, setting forth the specific response and objections, and then explaining why such response or objections are insufficient.  Therefore, the court could deny plaintiff's motion based on such shortcomings.  However, because plaintiff provided copies of the discovery requests, the undersigned addresses plaintiff's motion by referring to his meet and confer letters, and the parties' subsequent briefing.

*Third Set, Request for Production of Documents to Defendant Barber*

> DOCUMENT REQUEST NO. 1 [Sic No. 6]: "Provide any report personally written by Psych Tech N. Thai about bringing Barber a cup of Plaintiffs residue on or around 2/18/19."

> RESPONSE: "Objection.  This request is overly broad and assumes facts not in evidence and seeks information that is equally available to plaintiff, harassing, burdensome, vague, and is Duplicative of Document Request No. 1 [Sic No. 5].  See Defendant's response to Document Request No. 1 [Sic No. 5] served on November 25, 2020.  Without waiving the foregoing objections Defendant responds as follows: (¶) Defendant is not the custodian of record for such reports and is no longer employed by the California Department of Corrections and is not in possession, custody, or control of any such responsive document if one exists in the first place."

(ECF No. 155 at 22-23.)

> DOCUMENT REQUEST NO. 2 [Sic NO. 7]:  "Please provide all investigation reports and/or notes for medical grievance numbers

5

1        a. CHCF HC 19000402

2        b. CHCF SC 19000126

3        c. CHCF HC 1900491

4        d. CHCF SC 1900176

5        Note:  Plaintiff seeks the reports and/or notes of actual interviews or
        statements made to render the decisions in these grievances.

6

7        RESPONSE:  "Objection.  This request is overly broad and assumes
        facts not in evidence and seeks information that is equally available
        to plaintiff, is vague and ambiguous, harassing and burdensome, and

8        potentially violates the attorney client and attorney work product
        privileges.  Further, this request is irrelevant and not calculated to

9        lead to admissible evidence.   Without waiving the foregoing
        objections, Defendant is not the custodian of records for the

10       documents sought and is no longer employed by the California
        Department of Corrections and is not in possession, custody, or

11       control of any such responsive documents if one exists in the first
        place."

12

13       (ECF No. 155 at 22.)

14       DOCUMENT REQUEST NO. 3 [Sic NO. 8]:  "Provide the CCHCS
        Policy describing the functions and procedures for pain management

15       committees."

16       RESPONSE:  "Objection.  This request is overly broad and assumes
        facts not in evidence and seeks information that is equally available

17       to plaintiff, is vague and ambiguous.  Additionally, this request seeks
        irrelevant information not reasonably calculated to lead to the

18       discovery of admissible evidence.

19       Without waiving the foregoing objections, Defendant responds as
        follows:  Defendant is no longer employed with the CDCR and is not

20       the custodian of records for the responsive documents sought.  As a
        courtesy, Defendant attaches as Exhibit "A" . . . a copy of CCHCS

21       California Health Care Facility Local Operating Procedures relating
        to pain assessment."

22

23       (ECF No. 155 at 22-23.)

24       DOCUMENT REQUEST NO. 4 [Sic NO. 9]:  "If N. Thai did not
        write her own statement -- provide the 'dictated' alleged statement

25       she made about taking Plaintiff's morphine residue to Barber on
        2/18/19 or any day.

26

27       RESPONSE:  ""Objection.  This request is overly broad and assumes
        facts not in evidence and seeks information that is equally available
        to plaintiff, argumentative, harassing, vague and ambiguous and

28       potentially violates the attorney client and attorney work product

1
2

privileges.   Duplicative of Document Request No. 1 [Sic No. 6],
above incorporated herein by reference.

3

(ECF No. 155 at 23.)

4

In his reply, plaintiff states that on May 24, 2021, he received a response to the same

5

production requests submitted to defendant Adams, as follows:

6

No. 1:  does not exist

7
8
9

No. 2:   Partial documents for medical grievances CHCF SC
19000126 and CHCF SC 19000176, and notice that the documents
requested for the following grievances could not be located:  CHCF
HC 19000402 and CHCF HC 19000491.

10

No. 3:  Non-Responsive documents for policies/procedures related
to pain management committees.

11

No. 4:  does not exist.

12

(ECF No. 163 at 2-3; 12-14.)

13

Discussion

14

Request nos. 1 and 4

15

Despite defendant Adams' apparent agreement with Dr. Barber that no such report exists,

16

plaintiff now points to discovery provided by defendant Adams that plaintiff received on May 24,

17

2021.  (ECF No. 163 at 4.)  However, the phone interview with N. Thai confirms that Thai "does

18

not document when patients divert medication," and "does not recall this specific incident."

19

(ECF No. 163 at 17.)  Thus, defendant Barber's response to request no. 1 is well-taken inasmuch

20

as she cannot be required to produce a document that does not exist.  Plaintiff's request for further

21

production in response to request no. 4 fails for the same reasons.  No further production by

22

defendant Barber is required.

23

However, plaintiff now argues that in the second interview with defendant Barber, Dr.

24

Barber provided additional information:  "She stated following the suspected diverting of the

25

medication, PT Thai showed her the medication cup with the medication residue.  Following the

26

incident, Dr. Barber assisted PT Thai in drafting a 115 to document the incident."  (ECF No. 163

27

at 17.)  Plaintiff appears to now seek any such 115.

28

However, plaintiff's request no. 1 did not request a 115, likely because he did not have the

1   discovery reflecting a reference to a 115 at the time he propounded his discovery request.  The

2   propounded request appears to seek reports in the medical context, despite plaintiff's use of the

3   term "any" report.  Moreover, it is unclear whether N. Thai actually submitted a 115 against

4   plaintiff.  Indeed, if a 115 had been filed against plaintiff, he would have been provided a copy of

5   the 115 at that time, and thus it would be equally available to plaintiff.

6           Request no. 2

7           As to request no. 2, the court finds that defendant Barber's objections are well-taken.

8   Request no. 2 is overly-broad, and plaintiff fails to demonstrate that each grievance sought would

9   lead to admissible evidence relevant to the instant action.  "Upon a motion to compel discovery,

10  the movant has the initial burden of demonstrating relevance."  United States v. McGraw-Hill

11  Cos., 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) (citations and internal quotation marks

12  omitted)).  The instant action involves multiple claims of medical deliberate indifference.  Here,

13  plaintiff simply states that the complete appeal packets for each grievance "are relevant to these

14  claims," and "explain why officials who were aware failed to act."  (ECF No. 155 at 5.)  Such

15  statement is devoid of specific facts supporting his motion to compel or explaining why

16  defendant's response is unjustified.  In addition, because plaintiff seeks his own health care

17  grievances, he would have been provided copies of the appeal responses at the time.  Moreover,

18  in response to plaintiff's second motion to compel, discussed below, counsel for defendants

19  Singh, A. Adams, Y. Mansour, R. Recarey, A. Dredar, and S. Gates, confirms that plaintiff was

20  provided with all documents pertaining to CHCF 19000126.  (ECF No. 177 at 2.)  Defendant

21  Adams also responded that "[a]fter a diligent search and reasonable inquiry, Defendant [Adams]

22  has not located reports for statements made in CHCF HC 19000402 and CHCF HC 19000491 in

23  her possession, custody or control."  (ECF No. 163 at 13.)

24          Finally, Dr. Barber retired in August of 2020, before the discovery requests were

25  propounded.  (ECF No. 150 at 5.)  In requesting further production from Dr. Barber, plaintiff

26  relies on Hammler v. Hernandez, 2020 WL 107064 (S.D. Cal. Jan. 8, 2020), providing that

27                  [a]ctual possession, custody or control is not required.  Rather, "[a]
                    party may be ordered to produce a document in the possession of a
28                  non-party entity if that party has a legal right to obtain the document

                                        8

or has control over the entity who is in possession of the document."

Hammler, at *1, citing Soto v. City of Concord, 162 F.R.D. 603, 620 (N.D. Cal. 1995).  While

this is the standard governing production of documents, Hammler did not address a situation

where the defendant was retired when the discovery requests were propounded.  Pupo-Leyvas v.

Bezy, 2009 WL 1810337, at *1 (S.D. Ind. June 24, 2009) ("As he is now retired, Bezy as an

individual has no legal right to control or obtain the documents requested which pertain to

investigations and acts performed by employees and agents of the Bureau of Prisons.  Since Bezy

-- the retired individual -- has no "legal right to control" these documents, he cannot at this time

be compelled to produce them.").  See also Kindred v. California Dep't of Mental Health, 2013

WL 978195, at *5 (E.D. Cal. Mar. 12, 2013) (Declining to order further production where

defendant asserted she lacked any access to the documents sought because she retired from state

service.); Garrett v. Walker, 2007 WL 3342522, at *2 (E.D. Cal. Nov. 9, 2007) (sustaining

objection that retired defendants lack any access to the documents plaintiff sought).  Plaintiff

points to no legal authority demonstrating that Dr. Barber, a retired medical doctor, has the legal

right to obtain documents maintained by the CDCR Office of Appeals, or has control over such

office of appeals. Fed. R. Civ. P. 34.  As discussed in Bezy, some courts find that the right to

control documents equates to the practical ability to obtain them.  Bezy, 2009 WL 1810337 at *1.

But here, defendant Barber is represented by private counsel, not the Office of the Attorney

General.  Moreover, the record reflects that plaintiff also sought such discovery from defendant

Adams.  Because plaintiff could seek such documents from other defendants, plaintiff's motion to

compel further response to request no. 2 by defendant Barber is denied.

Request no. 3

In request no. 3, plaintiff sought the CCHCS policy describing the functions and

procedures for pain management committees.  Although plaintiff contends that Dr. Barber

provided a document nonresponsive to this request, plaintiff sought the same information from

defendant Adams.  Defendant Adams produced CCHCS policies regarding pain management

committees (Exhibit C).  (ECF No. 153 at 13.)  In his reply, plaintiff now objects that the

document provided by defendant Adams also does not comport with plaintiff's request for the

1  "policy describing the functions and procedures for pain management committees."  (ECF No.

2  163 at 5.)  But plaintiff did not provide a copy of the document produced.  Therefore, the

3  undersigned cannot determine whether defendant Adams' response is insufficient.  It is possible

4  that the policy provided is the only policy governing the pain management committees and the

5  "functions and procedures" referred to by plaintiff are not included in a particular "policy."  But

6  because plaintiff did not provide the documents, the court cannot review the policies provided.

7         For all of the above reasons, plaintiff's motion to compel further responses by defendant

8  Barber is denied.

9  *Interrogatories to Defendant Singh*

10        Initially, the court notes that plaintiff concedes that he filed the instant motion to compel

11  before Dr. Singh had a chance to respond to plaintiff's meet and confer letter.

12        Plaintiff claims Dr. Singh did not provide an answer to plaintiff's request to answer what

13  all of his duties as chief physician were, and refers to his Exhibit F.  (ECF No. 155 at 8.)  In

14  Interrogatory No. 1, plaintiff asks defendant Singh "[w]hat were your duties and responsibilities

15  as Chief Physician and Surgeon in 2019?"  (ECF No. 155 at 35.)  Defendant Singh responded:

16  "As Chief Physician and Surgeon at CHCF in 2019, Defendant was responsible for the

17  supervision of physicians and surgeons, but did not provide individual medical care to inmates.

18  Defendant also reviewed health care related grievances and appeals submitted by inmates and

19  signed off on institutional level responses to those grievances and appeals.  (ECF No. 155 at 35-

20  36.)  The document provided by plaintiff demonstrates that Dr. Singh did respond to interrogatory

21  no. 1.  In reviewing his meet and confer letter, it appears plaintiff believes Dr. Singh has other

22  duties not included in the interrogatory response.  However, as argued by defendant, plaintiff fails

23  to establish that Dr. Singh's response was improper, does not explain what other job duties

24  plaintiff believes Dr. Singh has, or offer any legal justification for why such unidentified job

25  duties are relevant.  Plaintiff fails to meet his burden, and the motion to order further response is

26  denied.[2]

27  ───────────────

28  [2]  In his reply, plaintiff states that Dr. Singh's response was "vague," and asks whether reviewing
health care related grievances include conducting an investigation of the facts as they related to

1   Plaintiff objects that Dr. Singh "guessed" as to the number of medical grievances Dr.

2   Singh had addressed rather than answering the question with facts in his possession.  (ECF No.

3   155 at 8.)  However, in response to interrogatory no. 2, in which plaintiff sought the number of

4   medical appeals defendant Dr. Singh had answered or responded to that plaintiff submitted on

5   medical issues, defendant properly objected that the interrogatory is vague as to time, but despite

6   such objection stated he had signed off on at least five institutional level responses during 2019.

7   Plaintiff did not limit his request to the medical issues relevant to his claims herein, and he did not

8   limit his request to the time period at issue herein.  Defendant's objections are well-taken and no

9   further response is required.[3]

10   As to interrogatory no. 5, plaintiff states that his question had nothing to do with grievance

11   No. CHCF SC 19000126.  (ECF No. 155 at 8.)  In his meet and confer letter, plaintiff also

12   explained that, and indicated that plaintiff sought to know whether Dr. Singh interviewed the

13   "unnamed" officer who Psych Le asserts assisted him on February 17, 2019, in finding a

14   morphine pill in plaintiff's mouth.  (ECF No. 155 at 12.)

15   INTERROGATORY NO. 5: "After you interviewed Plaintiff and he
16   informed you about the false cheeking reports of Psych Tech Le
    dated 2/17/19, did you interview any of the present officer Le reports
17   assisted him?"

18   RESPONSE:  "Pursuant to Federal Rule of Civil Procedure 33(d),
    Defendant refers Plaintiff to the Amended Institutional Level
19   Response to CHCF SC 19000126, which indicated the witnesses that
    were interviewed related to this grievance.  Plaintiff is in possession
20   of this document.

21   _____
    his staff.  (ECF No. 163 at 8.)  However, that is not the question plaintiff asked in interrogatory
22   no. 1.  Moreover, appeal responses generally indicate whether an investigation was conducted.

23   [3]  In his meet and confer letter, plaintiff "clarified" that he wanted to know how many medical
    grievances Dr. Singh had answered or responded to from plaintiff while at CHCF November 2018
24   to March 2021.  (ECF No. 155 at 12.)  However, plaintiff did not so limit his discovery request.
    Plaintiff may not modify his discovery requests during subsequent discussions and then object
25   that defendant failed to respond to an improperly phrased discovery request.  In addition, plaintiff
    objects that at the time he propounded his discovery requests, he was in quarantine without access
26   to his legal documents.  But he fails to explain how such lack of access prevented him from
    simply referring to the incidents at issue herein, or the time frame addressed in this litigation.
27   Moreover, now that plaintiff has access to his legal materials, he does not object that Dr. Singh
28   addressed more than 5 appeals.

11

1    (ECF No. 160 at 36-37.)  In opposition, defendant objects that plaintiff filed his motion before

2    defendant had an opportunity to respond to plaintiff's meet and confer letter.  Although

3    interrogatory no. 5 did not make plaintiff's request clear, defendant now refers plaintiff to the July

4    26, 2019 institutional level response to CHCF HC 19000176, a copy of which is in plaintiff's

5    possession.  (ECF No. 161 at 4.)  No further response is required.

6            Finally, plaintiff claims that "Defendant Singh failed to answer the question related to at

7    issue claims."  (ECF No. 155 at 9.)  Plaintiff's statement is unclear.  To the extent plaintiff's

8    challenge is directed to interrogatory no. 8, which defendant addresses, such interrogatory and

9    response is set forth below.

10                   INTERROGATORY NO. 8:  "On what date and time did Psych Tech
                     N. Thai give Plaintiff his prescribed morphine and afterwards take
11                   the cup of residue to Defendant Barber?"

12                   RESPONSE:  "Defendant does not have personal knowledge of any
                     of the actions of Psych Tech N. Thai or Dr Barber, as Defendant was
13                   not present for any such incident and was not personally involved in
                     Plaintiff's case.  Pursuant to Federal Rule of Civil Procedure 33(d),
14                   Defendant refers Plaintiff to the March 6, 2019, office visit note
                     authored by Dr. Barber, which is contained in Plaintiff's medical
15                   records and equally available to Plaintiff, in which she indicates he
                     was caught cheeking medication twice in two days and saw [residue]
16                   in a cup when a psych tech came to speak to her.

17    (ECF No. 160 at 37.)

18            In his reply, plaintiff objects that Dr. Singh claims to not know the answer to basic

19    questions such as the date or time N. Thai allegedly brought defendant Barber a cup of plaintiff's

20    opiate residue.  But as Dr. Singh stated in his response to the interrogatory, as well as in his

21    opposition, Dr. Singh has "no personal knowledge regarding the actions of Psych Tech N. Thai or

22    Defendant Barber, as [Dr. Singh] was not present and not personally involved in Plaintiff's

23    medical care."  (ECF No. 161 at 4.)

24            In his reply, plaintiff contends that Dr. Singh "would HAVE to know" this information

25    because Dr. Singh reviewed and responded to plaintiff's grievance.  But Dr. Singh cannot be

26    required to provide information he does not know, and appropriately referred plaintiff to the

27    documents pertaining to the incident, which are equally available to plaintiff.  Although plaintiff

28    is clearly dissatisfied with Dr. Singh's response, plaintiff fails to establish that Dr. Singh's

1   response to interrogatory no. 8 was insufficient.  No further response is required.

2   III.  Plaintiff's Second Motion to Compel

3          As argued by defendants, plaintiff's motion fails to set forth the specific discovery

4   requests he seeks to compel further responses to, as well as the parties from which he requests

5   further responses.  Rather, plaintiff simply lists "items sought to compel."  (ECF No. 167 at 1-2.)

6   Unlike his prior motion, plaintiff did not provide a copy of the discovery requests and responses.

7   Thus, the court is unable to determine whether plaintiff timely propounded specific discovery

8   requests, or evaluate the discovery request or a particular defendant's response.[4]  Accordingly,

9   plaintiff's second motion to compel is denied.

10          That said, plaintiff clearly requests a copy of the 115 referenced in the discovery provided

11   by defendant Adams.  (ECF No. 163 at 17.)  Plaintiff also provided a copy of an undated and

12   unsigned CDC-128-A which states:

13                  On 2/17/2019 Psychiatric Technician N. Thai came to speak with Dr.
                    Barber about the above inmate.  She stated that he had cheeked his
14                  morphine on the previous two days.  Dr. Barber worked with her on
                    the write-up, and PT Thai was referred to Custody for assistance in
15                  completing the statement.

16                  Although I am not the officer that assisted her, I was present during
                    this interaction.
17

18   (ECF No. 178 at 10.)[5]  This chrono includes information not included in the statement by Dr.

19   Barber in her second interview:  "Following the incident, Dr. Barber assisted PT Thai in drafting

20   a 115 to document the incident."  (ECF No. 163 at 17.)  Plaintiff also states that "custody officials

21   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     [4]  Counsel for defendants Singh, Adams, Mansour, Recarey, Dredar, and Gates did not address
22   the 115, but did confirm that plaintiff has been informed that there is no video footage of any of
     the relevant incidents in this case in the possession, custody, or control of Defendants or CDCR,
23   and there is no reason to believe any such footage ever existed."  (ECF No. 177 at 2.)  Plaintiff is
     reminded that the court cannot order the production of video or documents that do not exist.
24

25   [5]  This undated chrono was initially provided to plaintiff in Dr. Barber's response to plaintiff's
     first motion to compel.  Dr. Barber declares that such chrono was in her possession, and claimed
26   it "is not responsive to any of plaintiff's discovery request[s]."  (ECF No. 169-1 at 6.)  Dr. Barber
     declares that the chrono "was not written by PT N. Thai; it was prepared by a custody officer,
27   whose name [Dr. Barber] does not recall.  To [Dr. Barber's] knowledge, this chrono was not
     placed in the inmates' file or utilized for any other purpose including any investigation or
28   disciplinary action against plaintiff at issue."  (ECF No. 169-1 at 6.)

1   cannot locate" the 115 (ECF No. 178 at 6), although he does not identify from whom he received

2   such information, or whether he received it in response to a discovery request.  Plaintiff concedes

3   that he was told custody staff could not locate such chrono, which is supported by Dr. Barber's

4   declaration that to her knowledge, such chrono was not used for disciplinary action against

5   plaintiff.  In addition, as noted above, if a 115 had issued against plaintiff prison officials were

6   required to provide plaintiff with a copy of the 115 at such time as the 115 was issued.  Plaintiff

7   does not indicate whether or not he ever received a 115 based on the 2/18/2019 incident.

8   Therefore, because plaintiff failed to provide the specific discovery requests and responses at

9   issue in his second motion to compel, and it is unclear whether such 115 even exists, the

10   undersigned declines to order further production.[6]

11       Finally, plaintiff included arguments concerning his first motion to compel.  Local Rule

12   230(l) contemplates the filing of a motion, an opposition, and a reply.  Id.  Thus, plaintiff's

13   continued arguments in this second motion to compel are improper and disregarded.

14   IV.  Plaintiff's Requests for Judicial Notice

15       Plaintiff filed three requests for judicial notice.  After setting forth the governing

16   standards, the undersigned addresses plaintiff's requests in turn below.

17       The court may judicially notice a fact not subject to reasonable dispute because it "(1) is

18   generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily

19   determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

20   Judicial notice is proper for public records whose accuracy is not in dispute.  See Anderson v.

21   Holder, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("[A court] may take judicial notice of records

22   and reports of administrative bodies." (internal quotation marks omitted)); United States v.

23   Ritchie, 342 F.3d 903, 909 (9th Cir. 2003) (same).

24       In the March 29, 2021 request, plaintiff asks the court to take judicial notice of defendant

25   Adams' responses to plaintiff's request for admissions, a November 28, 2018 progress note by

26   Dr. Singh, and plaintiff's letter to opposing counsel Kuchinsky, in which plaintiff claims the

27

28   _____
    [6]  The undersigned also declines to predict whether the district court would allow admission of
    the unsigned, undated chrono allegedly written by an unidentified custodial staff person.

14

1   progress note confirms plaintiff sustained three denials of MRIs.  (ECF No. 154.)  However, the

2   documents submitted by plaintiff clearly involve disputed issues of fact and are not properly

3   subject to judicial notice.  Plaintiff's request is denied.

4        On May 3, 2021, plaintiff asked the court to take judicial notice of Exhibit A.  (ECF No.

5   157.)  However, no Exhibit A was appended.  Thus, his request is denied.

6        On June 1, 2021, plaintiff requested the court take judicial notice of his letter requesting

7   investigation by the Department of Justice, his request for action by the California State Bar, a

8   copy of defendant Barber's letter dated May 20, 2021, copy of plaintiff's 21 day letter re

9   sanctions under Rule 11 addressed to defendant Barber's attorney; a copy of "evidence (policy)

10  that ER Morphine is not crushed so the claim of Psych Tech Le bringing residue in a cup is

11  virtually impossible;" and a copy of the September 20, 2019 confidential inquiry report.  As

12  clearly indicated in the letter written by defendant Barber's counsel, the allegations levied by

13  plaintiff against defendant Barber are hotly disputed.  (ECF No. 162 at 14.)  Moreover, the page

14  taken from "Pain Management Guidelines 2009," entitled "Pain Management Formulary -

15  Abbreviated," and stamped "CHCF Library," is not authenticated, and is insufficient, standing

16  alone, to demonstrate an undisputed fact.  The court finds such documents are not properly

17  subject to judicial notice, and his request is denied.  (ECF No. 162.)

18       Accordingly, IT IS HEREBY ORDERED that:

19       1.  Plaintiff's motion to compel (ECF No. 155) is denied.

20       2.  Plaintiff's second motion to compel (ECF No. 167) is denied.

21       3.  Plaintiff's requests for judicial notice (ECF No. 154, 157, 162 are denied.

22  Dated:  September 3, 2021

23

24  /cw/wilk1338.mtc                                                 KENDALL J. NEWMAN
                                                                    UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                        15