UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEENAN WILKINS, aka NERRAH BROWN,

Plaintiff,

v.

DR. CHRISTINE S. BARBER, et al.,

Defendants.

No. 2:19-cv-1338 WBS KJN P

ORDER

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On September 1, 2021, plaintiff filed a motion for appointment of a medical expert under Rule 706(a) of the Federal Rules of Evidence, which is now fully briefed. As set forth below, plaintiff's motion is denied without prejudice.

Plaintiff's Motion

Plaintiff requests a court-appointed medical expert under Rule 706(a) of the Federal Rules of Evidence "to assist [the court in] comprehend[ing] material issues in this action as well as for a forward looking technique for promoting a fair trial. (ECF No. 188 at 1-2.) Plaintiff claims that defendants retained a medical expert in preparation for their motion for summary judgment, and states "this expert will say everything defendants want them to say in the bias routine allowed by

courts," and "plaintiff will no doubt fall victim to the routine of the court accepting all of the bias[ed] experts opinions as true and find adversely against him." (ECF No. 188 at 2.) Plaintiff seeks appointment of a medical expert "to aid the court to unbias[ed]ly present the court whether or not there is evidence" that defendants' medical treatment fell below the standard of care acceptable in the medical community and under professional standards. (ECF No. 188 at 3.) Plaintiff adds that "[d]efendants have demonstrated an unusual practice to mislead the court in pleadings and the court has relied on many falsifications adversely for plaintiff. Appointing an unbias[ed] medical expert would aid the court in fact or fiction of material issues." (ECF No. 188 at 3.) Thus, plaintiff seeks appointment of a medical expert "to aid the court." (Id.)

Defendants object that plaintiff does not have the right to appointment of an expert as an advocate for his position either under 28 U.S.C. § 1915 or Rule 706, or to avoid alleged bias. (ECF No. 195.)

In reply, plaintiff argues that defendants attempt to twist his purpose, intent and unambiguous stated reason, pointing out that he clearly stated he seeks the appointment of a medical expert to assist the court to comprehend material issues in this action and to aid the court in determining whether defendants' medical treatment fell below the standard of care. (ECF No. 202.) He contends that because the court would choose and appoint the expert, such expert would not support either side.

A. Standards

Federal Rule of Evidence 706 provides that "the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a). However, court-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand. See Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999) (appointing a physician expert witness where medical testimony on record was "not particularly clear"); Woodroffe v. Oregon, 2014 WL 1383400, at *5 (D. Or. April 8, 2014) ("This Rule permits a court to appoint a neutral expert to

assist the court to understand complex, technical, or esoteric subject matter."); In re Joint E. & S. Districts Asbestos Litig., 830 F. Supp. 686, 693 (E.D. N.Y. 1993) (noting that court appointment of experts is appropriate only in "rare circumstances" and should be reserved for "exceptional cases" in which the ordinary adversarial process does not suffice, such as complex mass tort problems.)  Courts do not invoke Rule 706 simply to "appoint an expert on behalf of an indigent civil party." Woodroffe, 2014 WL 1383400, at *5; see also Gorton v. Todd, 793 F. Supp. 2d 1171, 1178 n.6 (E.D. Cal. 2011) (Rule 706 did not permit the appointment of a neutral expert witness solely for an indigent prisoners' "own benefit" in aiming to prove deliberate indifference.)  Indeed, "28 U.S.C. § 1915 does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court." Gorton, 793 F. Supp. 2d at 1184 n.11.

B. Pleading Allegations

This action proceeds on plaintiff's second amended complaint. (ECF No. 88.) Plaintiff suffers from schizophrenia, and myriad serious medical conditions that cause him extreme pain. Plaintiff contends that defendants have delayed and denied him adequate medical care resulting in the unnecessary wanton infliction of pain and inability to conduct basic necessities, such as exercise, sleep, etc., in deliberate indifference to his serious medical needs.  (ECF No. 88 at 2.)  In his second claim, plaintiff alleges Dr. Barber retaliated against plaintiff because plaintiff sought redress via medical grievances and complaints by Dr. Barber telling plaintiff to "suffer," and then discontinued plaintiff's prescription orthopedic shoes, denied plaintiff an MRI and surgery, and denied plaintiff the Ultram prescription recommended by the specialist.  In his third claim, plaintiff raises various state law claims for libel/defamation/slander, negligence and medical malpractice.  Plaintiff seeks unspecified injunctive relief, declaratory relief, and money damages.

C. Discussion

First, despite plaintiff's claim to seek a neutral expert "to aid the court," or "assist" the court as plaintiff emphatically contends, his motion appears to seek appointment of an expert witness for his own benefit, for example, to avoid bias, rebut defendants' testimony and add credibility to his own claims.  Indeed, plaintiff claims, without any supporting evidence, that defendants' medical expert will "say everything defendants want [him] to say in the bias routine


allowed by courts." (ECF No. 188 at 2.) However, this court has no authority to appoint a neutral expert witness to allegedly avoid bias or to support plaintiff's claims. Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for plaintiff. Manriquez v. Huchins, 2012 WL 5880431, *14 (E.D. Cal. 2012) (purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate); Brooks v. Tate, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (avoiding bias or otherwise assisting one party is not the purpose of Rule 706); Gorrell v. Sneath, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party). Rather, Rule 706(a) of the Federal Rules of Evidence permits the court to appoint only neutral expert witnesses.

Second, plaintiff fails to demonstrate that this action is so complex that it requires the appointment of a neutral expert witness to assist the trier of fact. He claims such expert would assist the court in comprehending material issues, and to promote a fair trial, and to aid the court in determining whether defendants' treatment fell below the standard of care. But plaintiff does not explain how his deliberate indifference claims or medical malpractice claims are factually or legally complex. Whether or not defendants met the applicable standard of care applies to plaintiff's medical claims raised under state law. To prevail on his Eighth Amendment claims, plaintiff must demonstrate that each defendant was deliberately indifferent to plaintiff's serious medical needs, which will turn on the nature of each defendant's response to plaintiff's serious medical needs, as supported (or not) by the evidence, in addition to whether each defendant's treatment fell below the standard of care as to plaintiff's medical claims raised under state law.

Third, plaintiff's motion is premature. Until the undersigned has had the opportunity to review the evidence and arguments presented by the parties on summary judgment, the undersigned cannot determine whether the issues are so complex as to require the testimony of a neutral expert to assist the trier of fact. Should the court decide at a later date, including at trial, that such expert testimony is required, the court may, *sua sponte*, appoint a neutral expert at that time.

For all of the above reasons, plaintiff's motion for a neutral expert under Rule 706 is

denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of a medical expert under Rule 706(a) (ECF No. 188) is denied without prejudice.

Dated: October 27, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wilk1338.706