UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KEENAN WILKINS, aka NERRAH BROWN, | No. 2:19-cv-1338 WBS KJN P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| DR. CHRISTINE S. BARBER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff's motions for extension of time to file an opposition to defendants' motions for summary judgment, and for sanctions are before the court. As discussed below, plaintiff's motion for sanctions is denied; plaintiff's motions for extension of time are granted.

Plaintiff's Motion for Sanctions

Plaintiff seeks unspecified sanctions for defendants' violation of this court's September 11, 2020 order requiring defendants to redact sensitive or confidential information, such as remote social history, that is not relevant to plaintiff's underlying claims. Plaintiff contends that defendants' failure to comply with the court's order, by two separate attorneys of record, was willful and intentional, and therefore both counsel should be sanctioned. Defendants oppose the motion, contending that their failure to redact the medical records was inadvertent. In his reply, plaintiff points out that counsel also filed the unredacted medical records in the public record

1  before the Ninth Circuit in connection with plaintiff's appeal of the order denying him injunctive

2  relief, thus demonstrating their second violation of this court's order could not be "inadvertent."

3  (ECF Nos. 210, 211, citing Wilkins v. Barber, No. 21-15361 (9th Cir.).[1])

4      Plaintiff's request for sanctions is evaluated under the court's inherent authority.

5  Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 (2017).  A court may impose

6  sanctions under its inherent power "when a party has acted in bad faith, vexatiously, wantonly, or

7  for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for

8  an improper purpose."  Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001) (citing Chambers v.

9  NASCO, Inc., 501 U.S. 32, 45-47 & n.10 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752,

10  766 (1980)).  In Fink, the Ninth Circuit used the term "bad faith" to refer to "a broad range of

11  willful improper conduct."  Fink, 239 F.3d at 992.  On the other hand, in the case of a chronically

12  late attorney, for example, "mere tardiness does not demonstrate the improper purpose or intent

13  required for inherent power sanctions."  Id. (citation omitted).  Similarly, a court "may not

14  sanction mere 'inadvertent' conduct" under its inherent authority.  Id. at 993 (citing Zambrano v.

15  City of Tustin, 885 F.2d 1473, 1485 (9th Cir. 1989)).  Sanctions are permitted under a court's

16  inherent authority "when an attorney has acted recklessly if there is something more such as an

17  improper purpose."  Id.; see id. at 993-94 (recklessness plus frivolousness, harassment or

18  improper purpose).

19      The September 11, 2020 order granted plaintiff's motion to seal particular medical records

20  that contained sensitive information not relevant to his medical claims raised herein.  (ECF No.

21  116.)  Defendants were cautioned to redact such information from future filings: "defendants

22  shall take care to redact medical records containing sensitive or confidential information, such as

23  remote social history, that is not relevant to plaintiff's underlying claims."  (ECF No. 116 at 4

24  n.1.)  Defendants failed to redact such information from medical records appended to Dr.

25  Feinberg's declaration submitted in connection with their motions for summary judgment.  (ECF

26

27  [1] On May 14, 2021, plaintiff filed a document docketed as "motion to take judicial notice and to seal medical records."  No. 21-15361 (ECF No. 15.)  On June 30, 2021, the motion for judicial
28  notice was denied without reference to the request to seal medical records.  Id. (ECF No. 16.)

Nos. 198-6, 199-6.)

While plaintiff contends such failure was willful and intentional, he submits nothing other than his conjecture and speculation that counsel did so in bad faith or for an improper purpose.[2] Review of the medical records appended to Dr. Feinberg's declaration demonstrates that at least some of the pages containing the sensitive information was printed by Dr. Feinberg (or his office staff), supporting counsels' position that the filing of such information was inadvertent because counsel filed the doctor's declaration which contained such records. But even if their failure to redact the information was reckless, plaintiff's motion for sanctions must be denied.

That said, this court does not take counsel's failure to comply with a court order lightly. Both counsel for defendants are admonished that further failure to properly redact medical records will result in the imposition of sanctions, and shall instruct their expert witness (and any other relevant witness) accordingly.

Moreover, defendants do not specifically identify which page numbers of the exhibits contain the sensitive information, instead choosing to not oppose plaintiff's motion to seal all of the medical records appended to Dr. Feinberg's declaration. In addition, plaintiff renews his motion to seal all of his medical records, claiming they are confidential. (ECF No. 205.)

There is a strong presumption that judicial records are accessible to the public. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Id. (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). In Foltz, the court "distinguish[ed] between dispositive and nondispositive motions," finding that "because 'summary judgment adjudicates substantive rights and serves as a substitute for trial,'" courts apply the "compelling reasons" standard to documents attached to a motion for summary judgment. Foltz, 331 F.3d at 1135-36 (quoting Rushford v. New Yorker Magazine, 846 F.2d 249, 252 (4th Cir. 1988).) "A party seeking to seal a judicial record . . . bears the burden of

---

[2] Plaintiff's reference to the filing in the Ninth Circuit was made in plaintiff's reply, depriving both attorneys for defendants of an opportunity to respond. In any event, such reference does not otherwise persuade the undersigned that sanctions are warranted at this time.

1   overcoming this strong presumption [in favor of access] by meeting the compelling reasons
2   standard." Kamakana, 447 F.3d at 1178.
3       Here, plaintiff's Eighth Amendment and state law claims involve plaintiff's myriad
4   medical conditions, and evaluation of his medical treatment will be required to address the merits
5   of the pending motions for summary judgment.  In his motion to seal all medical records, other
6   than his conclusory statement that such records are confidential, plaintiff provides no compelling
7   reasons why all of such records should be sealed.  Thus, the undersigned finds that plaintiff failed
8   to meet his burden, and denies his motion for sanctions.
9       In addition, the undersigned finds no compelling reason to seal all of the medical records
10  appended to Dr. Feinberg's declaration (ECF Nos. 198-6 at 22-135, 199-6 at 20-133), particularly
11  since all of such records, including the "Final Report," in which at least some of the sensitive
12  information is included, will be evaluated by the undersigned in connection with the pending
13  motions for summary judgment.  Indeed, only the sensitive information needs to be redacted from
14  the medical record in which the information is contained.  It is not the court's responsibility to
15  redact such records.
16      Moreover, because Dr. Feinberg's declaration and exhibits were docketed as one .pdf
17  document, in order to rectify the failure to redact the court must seal the entire filing, and counsel
18  for defendants must re-file Dr. Feinberg's declaration, including all exhibits, with the appropriate
19  redactions made to the medical records contained in Exhibit B thereto.  The sealing of Dr.
20  Feinberg's complete declaration, including exhibits, is solely for both defendants' counsel to
21  refile the entire declaration with the proper redactions to Exhibit B.  Counsel for defendants shall
22  review the medical records prior to re-filing to ensure that the proper redactions are made,
23  because failure to properly redact such medical records will result in the imposition of sanctions.
24  Plaintiff's Motions for Extension
25      Plaintiff seeks additional time to file his oppositions to defendants' motions for summary
26  judgment.  Good cause appearing, and in light of the required refiling of Dr. Feinberg's
27  declaration, plaintiff is granted an additional sixty days in which to file his oppositions to the
28  pending motions for summary judgment.

In his second motion for extension, plaintiff also seeks an order to provide plaintiff and the court a "copy of any statements provided by Officers Rushing and Hasan related to the custody 128 chrono that was filed with the declaration dated June 30, 2021." (ECF No. 209 at 2, apparently referring to ECF No. 169-1, appended to defendant Barber's Opposition filed July 12, 2021.) Plaintiff claims that such statements are relevant and needed to oppose summary judgment.

Federal Rule of Civil Procedure 56(d), formerly Rule 56(f), provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009).

"Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs." Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988). Thus, summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim. Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004). "The burden is on the nonmoving party, however, to show what material facts would be discovered that would preclude summary judgment." Klingele, 849 F.2d at 412; see also Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995) ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists."). Moreover, "'[t]he district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.'" Conkle, 73 F.3d at 914 (quoting Cal. Union Ins. Co. v. Amer. Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990)).

Here, discovery closed on June 24, 2021.  (ECF No. 158; see also ECF No. 191 at 1-2 (recounting background of discovery deadlines in this case).)  Because the declaration providing the 128 chrono was not signed until June 30, 2021, it appears plaintiff may be attempting to use Rule 56(d) to reopen discovery.  But plaintiff fails to demonstrate how the statements of Officers Hasan or Rushing, if such statements exist, would preclude summary judgment.  Because plaintiff fails to meet his burden under Rule 56(d), his request for such documents is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions (ECF No. 205) is denied.

2. Plaintiff's motion to seal all of his medical records (ECF No. 205) is denied.

3. The Clerk of the Court is directed to seal both of Dr. B. Feinberg's declarations, in their entirety, filed in connection with defendants' motions for summary judgment.  (ECF No. 198-6 and ECF No. 199-6.)

4. Within fourteen days from the date of this order, both counsel for defendants shall re-file Dr. Feinberg's declarations, including all exhibits, with the appropriate redactions made to the medical records contained in Exhibit B thereto.  Both counsel shall reference the ECF No. of his or her respective motion for summary judgment in such re-filing.

5. Plaintiff's motions for extension of time (ECF No. 204, 209) are granted.

6. Plaintiff is granted sixty days from the date of this order in which to file oppositions to defendants' motions for summary judgment.

7. Plaintiff's motion for documents (ECF No. 209) is denied without prejudice.

Dated:  October 27, 2021

/wilk1338.36.sea

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE