UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, aka NERRAH BROWN,<br><br>Plaintiff,<br><br>v.<br><br>DR. CHRISTINE S. BARBER, et al.,<br><br>Defendants. | No. 2:19-cv-1338 WBS KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff's motions for reconsideration are before the court pursuant to the district court's October 5, 2021 order. (ECF No. 203.) As discussed below, plaintiff's motions should be denied.

A. Legal Standard

A magistrate judge's ruling on non-dispositive matters, including motions to compel, must not be disturbed unless "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); E.D. Local Rule 303(f). The "clearly erroneous" standard applies to "factual determinations and discretionary decisions." Nevis v. Rideout Memorial Hospital, No. 2:17-cv-02295 JAM AC, 2019 WL 6310155 at *1 (E.D. Cal. Nov. 25, 2019). A finding is only clearly erroneous, when the district court is "left with a 'definite and firm conviction that a mistake has been committed.'" Cohen v. U.S. Dist. Court. For N. Dist. Of California, 586 F.3d 703, 708 (9th Cir. 2009) (citations omitted). In contrast, the "contrary to law standard," allows the independent

review "of purely legal determinations by the magistrate judge." Enns Pontiac, Buick, & GMC Truck v. Flores, No. 1:07-cv-01043-LJO-BAM, 2012 WL 639541 at *4 (E.D. Cal. Feb. 27, 2012). A magistrate judge's decision is "contrary to law," if it "contradict[s] or ignore[s] applicable precepts of law, as found in the Constitution, statutes or case precedent." Id.

B. Discussion

*September 20, 2021 Motion for Reconsideration*

First, plaintiff asks the court to "address this (and all) motions due to the inherent conflict with Magistrate [Judge] Newman." (ECF No. 194 at 2.) Local Rule 230(j) requires that a motion for reconsideration must identify the "ruling, decision or order" for which reconsideration is sought. L.R. 230(j)(2). Plaintiff is advised that to the extent he asks the district court to review and reconsider all motions filed in this action, such request fails to comply with Local Rule 230(j) and is denied.

Second, to the extent plaintiff asks the court to review or address matters pending in a Ninth Circuit Judicial complaint or a forthcoming judicial complaint (ECF No. 194 at 3), the request is inappropriate. Such matters will be addressed by the authorities to whom plaintiff submits them, and it would be inappropriate for the undersigned, or the district court for that matter, to address such complaints in this civil rights action.

Third, plaintiff claims that it is "widely known media knowledge" that the undersigned is a former federal prosecutor with a pro-government, pro-law enforcement bias in adjudicating federal civil rights cases, fails to disclose conflicts, and "is partly responsible for the cover-up of systemic civil rights violations. . . ." (ECF No. 194 at 3-4.) But plaintiff cites no media article or other source, and provides no evidence to support such claims. Such unsubstantiated claims cannot serve as grounds for reconsideration.

Fourth, plaintiff complains that the undersigned failed to address all of the facts and evidence plaintiff submitted in connection with his motion for sanctions. Plaintiff reiterates all the evidence he claims establishes that defendant Barber falsified her declaration which was submitted in response to plaintiff's motion to expand discovery. The undersigned has reviewed the September 7, 2021 ruling on plaintiff's motion for sanctions, and finds such ruling was not

clearly erroneous or contrary to law.  Discovery responses are expressly exempt from sanctions under Rule 11 of the Federal Rules of Civil Procedure.  Moreover, as for imposing sanctions under the court's inherent power, sanctions may be imposed "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose."  Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45-47 & n.10 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980)).  Although plaintiff characterizes defendant Barber's declaration as false, and firmly believes defendant Barber manufactured the chrono 128 appended to her declaration, defendant Barber, as well as her attorney, stands by her declaration.  The undersigned found that plaintiff was attempting to litigate the merits of his claim through the motion for sanctions, and appropriately exercised discretion in denying the motion for sanctions under inherent authority.

*September 22, 2021 Motion for Reconsideration*

Plaintiff reiterates his claim that defendant Barber's declaration is false, and "simply wants . . . defendants to disclose how could it be even possible in light of the evidence N. Thai obtained a cup of morphine residue of plaintiff's on 2/18/19 and took it to Barber."  (ECF No. 197 at 4.)  Plaintiff contends that because defendants refuse to acknowledge such "falsehood," he is "entitled to propound the discovery of where, when how etc. N. Thai came to possess this cup of residue."  (ECF No. 197 at 4-5.)  Plaintiff appears to seek reconsideration of the undersigned's denial of plaintiff's motion to compel defendant Barber to produce documents in response to requests numbers 1 and 4, seeking N. Thai's written report or "dictated statement."  (ECF No. 189 at 7.)  But plaintiff fails to demonstrate how the denial of plaintiff's motion to compel a further response was clearly erroneous or contrary to law.  Indeed, the undersigned noted that defendant Singh responded to the same discovery requests that no such documents exist, which was also confirmed by Singh's phone interview with Psych Tech N. Thai.  (ECF No. 189 at 7.)

But to the extent plaintiff seeks reconsideration concerning discovery requests not yet propounded, such effort is unavailing.  Plaintiff points to no specific order for the court to reconsider.  If plaintiff is attempting to reopen discovery, or seeking leave to obtain discovery

3

under Rule 56(d) of the Federal Rules of Civil Procedure, plaintiff must make an appropriate motion.[1]

Plaintiff also seeks reconsideration of the court's order denying plaintiff's motion to compel defendant Barber to produce copies of grievances in response to request for production number 2, which sought all investigation reports and/or notes for four medical grievance numbers. (ECF No. 189 at 5-6.) Plaintiff claims he does not have "documents related to the denial decision." (ECF No. 197 at 5.) But plaintiff fails to demonstrate how the denial of his motion to compel was clearly erroneous or contrary to law. Plaintiff again fails to demonstrate defendant Barber has the legal right to obtain documents maintained by the CDCR Office of Appeals, or has access or control over such office of appeals. Indeed, the record confirms that plaintiff also sought such documents from other defendants who do have such access or control.[2]

Plaintiff again contends that the 128 Chrono appended to defendant Barber's declaration is false, but objects that if defendant Barber can disclose this document, how can she claim she does not have access to other documents. (ECF No. 194 at 5.) Defendant Barber did not disclose in her declaration where she obtained the 128 Chrono. (ECF No. 169-1 at 4-7.) But in this court's experience, 128 Chronos are usually maintained in an inmate's file, not with the office of appeals unless appended to an inmate's grievance. Plaintiff's objection is overruled.

Plaintiff appears to seek reconsideration of the ruling on interrogatory No. 5,[3] objecting that referring plaintiff to documents does not answer the question. (ECF No. 197 at 6.) As noted in the court's ruling, and conceded by plaintiff, he filed his motion to compel while his meet and

---

[1] Plaintiff's efforts may be frustrated if none of the defendants have personal knowledge of such matters.

[2] Plaintiff concedes that the requested documents were provided for grievance 19000126, but claims that "the others are being withheld." (ECF No. 197 at 5.) However, defendant Adams responded to the same request for production: "[a]fter a diligent search and reasonable inquiry, Defendant [Adams] has not located reports for statements made in CHCF HC 19000402 and CHCF HC 19000491 in her possession, custody or control." (ECF No. 163 at 13.)

[3] "After you interviewed Plaintiff and he informed you about the false cheeking reports of Psych Tech Le dated 2/17/19, did you interview any of the present officer Le reports assisted him?" (ECF No. 189 at 11.)

4

confer letter was pending. In the opposition to the motion to compel, defendant Singh modified the response to refer plaintiff to CHCF HC 19000176, and the response indicated such grievance would identify the witnesses interviewed. Plaintiff did not provide a copy of CHCF HC 19000176, and plaintiff does not claim that the appeal response did not identify such witnesses. Rather, plaintiff now objects that defendant Singh would have the answer regarding N. Thai as Singh investigated the grievance and found Barber violated policy and then after litigation began, re-investigated the issue. (ECF No. 197 at 7.) But interrogatory No. 5 does not address Barber or a violation of policy or any reinvestigation. Rather, plaintiff simply asked whether defendant Singh interviewed officers. Plaintiff fails to demonstrate that the order was clearly erroneous.

Finally, as to plaintiff's request for reconsideration of his second motion to compel (ECF No. 197 at 7), review of plaintiff's motion confirms that plaintiff did not set forth the specific discovery requests or responses that he challenged, as required.[4] Rather, he only provided argument under the production request numbers. (ECF No. 167 at 1-5) Plaintiff did not provide a copy of the propounded discovery requests or the discovery responses, so the court was unable to properly address plaintiff's motion. Accordingly, the undersigned's denial of plaintiff's second motion to compel was not clearly erroneous or contrary to law.[5]

*Motions Under 60(b) or Rule 59(e)*

Plaintiff claims to seek reconsideration under Rule 59(e) or Rule 60(b) of the Federal

---

[4] Plaintiff bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, 2016 WL 3196738 at *1 (E.D. Cal. 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

[5] Plaintiff objects that the undersigned "wholly failed to address the requests for camera footage (Requests 1, 2 and 3 in Second Motion to Compel dated 6/21/21). (ECF No. 197 at 7.) However, as discussed above, plaintiff did not provide copies of his discovery requests and responses to his second motion. Moreover, in the order denying plaintiff's motion on such basis, the court noted that defendants' counsel confirmed "that plaintiff has been informed that there is no video footage of any of the relevant incidents in this case in the possession, custody, or control of Defendants or CDCR, and there is no reason to believe any such footage ever existed." (ECF No. 177 at 2.)

Rules of Civil Procedure.

Rule 59(e) addresses motions to alter or amend a judgment. Fed. R. Civ. P. 59(e). "Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Wilson v. Marin, No. 2:14-CV-1829-WBS, 2014 WL 7336348, at *1 (E.D. Cal. Dec. 22, 2014) (citations omitted).

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

In addition, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4).

As discussed above, plaintiff has not shown that the undersigned rendered decisions that were clearly erroneous or contrary to law. Plaintiff identifies no facts, circumstances or newly discovered evidence that did not exist at the time of the challenged rulings. Plaintiff cites no intervening change in controlling law. Motions for reconsideration under Rule 59(e) or Rule 60(b) "are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." Kilbourne v. Coca-Cola Co., No. 14-

cv-984-MMA, 2015 WL 10943610, at *2 (S.D. Cal. Sept. 11, 2015).  The fact that a litigant merely disagrees with the court's decision does not render relief appropriate.  Salem v. Federal Deposit Insurance Corporation for La Jolla Bank, FSB, No. 15-cv-1114-AJB-BGS, 2017 WL 1375616 at *3 (S.D. Cal. Apr. 17, 2017).

      For all of the above reasons, plaintiff's motions should be denied.

      Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motions for reconsideration (ECF Nos. 194, 197) be denied.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 28, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wilk1338.rec