UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, aka NERRAH BROWN,<br><br>Plaintiff,<br><br>v.<br><br>DR. CHRISTINE S. BARBER, et al.,<br><br>Defendants. | No. 2:19-cv-1338 WBS KJN P<br><br><u>ORDER AND ORDER TO SHOW CAUSE RE SANCTIONS</u> |

    Plaintiff is a state prisoner, proceeding pro se. Pending are plaintiff's motion for sanctions, motion for discovery under Rule 56(d) of the Federal Rules of Civil Procedure, request for inquiry, and a request for extension of time to oppose defendants' motions for summary judgment. The undersigned denies plaintiff's first two motions and his request, and grants plaintiff an extension to file his opposition.

<u>Plaintiff's Second Amended Complaint</u>

    This action proceeds on plaintiff's second amended complaint regarding incidents at California Health Care Facility from 2018 to 2020. (ECF No. 88.) The undersigned found that plaintiff stated potentially cognizable Eighth Amendment claims against all of the defendants, and a First Amendment retaliation claim as to defendant Barber, as well as various state law claims. (ECF No. 99.) Plaintiff's specific allegations, known to the parties, are also summarized in the August 26, 2020 findings and recommendations issued by the undersigned, and are not repeated

here.  (ECF No. 111 at 1-5.)

Background

    Cross-motions for summary judgment are pending.  (ECF Nos. 166, 198, 199.)

Motion for Sanctions

    The Parties' Positions

    Plaintiff objects to defendants' proffer of Dr. Feinberg's declaration in support of their motion for summary judgment, because Dr. Feinberg works for the CDCR and allegedly falsified his declaration, as evidenced by comparing the doctor's declaration to plaintiff's Exhibit B. Plaintiff contends such evidence shows the expert either willfully sought to mislead the court or did not accurately review plaintiff's medical records.  (ECF No. 223 at 4.)  Plaintiff states he presents this evidence to "demonstrate the non-credibility of the defense expert."  (ECF No. 223 at 4.)  Plaintiff cites three cases in support.[1]  As related to plaintiff's cheeking claim, plaintiff again challenges Dr. Barber's declaration, asserting that Dr. Barber's statement that on February 17, 2019, plaintiff was caught cheeking morphine by psychiatric technician J. Le is false.  (ECF No. 223 at 5.)  Further, plaintiff contends both defense counsel prepared declarations including facts they know are false, which he alleges is bad faith and misconduct.  (ECF No. 223 at 6.)

    Plaintiff seeks sanctions for the "repeated bad faith filing of declarations/documents without verifying [their] accuracy."  (ECF No. 223 at 4.)  Plaintiff does not identify the legal basis for his motion.

    In opposition, both counsel for defendant Barber and counsel for the remaining defendants disagree with plaintiff's view of the evidence and contend that such disagreement is not the proper basis for sanctions.  Counsel points out that plaintiff is a lay person, untrained in the medical field, and plaintiff's interpretation of medical records and disagreement with Dr.

---

[1] Plaintiff cited Amezcua v. Jordan Transp., Inc., 2016 U.S. Dist. LEXIS 71259; Fernandez v. Sterik Boyle Heights, LP, 2021 U.S. Dist. LEXIS 76849 (an unpublished case), citing In Re Lee, 408 B.R. 893, 902 (Bank CD Cal. 2009) (a bankruptcy case).  Plaintiff failed to identify what court issued decisions in Amezcua or Fernandez.  Such information is critical to determine whether the authority is persuasive or binding.  Plaintiff did not cite to a particular page number or reference a particular motion or order and did not provide the precise date for each decision.

2

Feinberg does not demonstrate any bad faith or willful misconduct by counsel. (ECF No. 224 at 2.) Both counsel contend that the documents provided by plaintiff to demonstrate the report of cheeking was false do not support such argument. (ECF No. 224 at 3; 226 at 3-4.)

In his replies, plaintiff vociferously disagrees with defense counsel, and objects that counsel failed to address plaintiff's evidence. (ECF No. 227 at 3; 228 at 3.) Plaintiff reiterates the evidence he claims demonstrates Dr. Feinberg's declaration contains an alleged false statement, and that the cheeking claim is false. Plaintiff contends that defense counsel continued to assert such false facts which plaintiff alleges is unethical misconduct and criminal, citing 18 U.S.C. § 1510, and United States v. Mixon, 2015 U.S. Dist. LEXIS 130855.[2] (ECF No. 228 at 4, 5.) In addition, plaintiff argues that Rule 11 of the Federal Rules of Civil Procedure forbids lying in pleadings, motions, and other papers filed with the court. (ECF No. 228 at 5.)

Standards

Courts have an inherent power to impose sanctions. Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). Under such inherent power, district courts are empowered to sanction parties for abuses outside the courtroom. Chambers v. NASCO, Inc., 501 U.S. 32, 57 (1991) (finding Chambers' actions were "part of [a] sordid scheme of deliberate misuse of the judicial process" designed "to defeat NASCO's claim by harassment, repeated and endless delay, mountainous expense and waste of financial resources," and affirming attorney fee award.) However, such power "must be exercised with restraint and discretion." Id., at 44. Moreover, courts must make an explicit finding of bad faith or willful misconduct. In re Dyer, 322 F.3d 1178, 1196 (9th Cir. 2003).

Discussion

Following review of the briefing, the undersigned finds that plaintiff's motion is not well-taken. There is no competent evidence of bad faith or willful misconduct. Rather, plaintiff again wholly relies on evidence submitted in support or opposition to motions for summary judgment. Other than his own opinion concerning such evidence, plaintiff offers no facts or evidence to

---

[2] LEXIS found no documents for Mixon, 2015 U.S. Dist. LEXIS 130855. Plaintiff also failed to provide the precise date or what court issued the ruling.

support his position that certain evidence is false or that counsel knowingly filed declarations containing false facts. Essentially, plaintiff is again attempting to have the court review documentary evidence filed in support of pending dispositive motions by way of his motion for sanctions, which is inappropriate under these circumstances. Plaintiff is advised that the court will review the parties' evidence in conjunction with the pending motions for summary judgment; if there are material disputes of fact, the matter will go to trial.

Plaintiff claims to present this evidence to demonstrate the expert's lack of credibility, but credibility questions remain in the sole province of the jury, as plaintiff was previously informed. (ECF No. 191 at 9.) Moreover, to the extent plaintiff argues that because Dr. Feinberg works for the CDCR he is biased, such argument goes to the weight and credibility of the doctor's testimony, not whether it is admissible. "Assessing the potential bias of an expert witness, as distinguished from his or her specialized training or knowledge or the validity of the scientific underpinning for the expert's opinion, is a task that is 'properly left to the jury.'" Donahoe v. Arpaio, 2013 WL 5604349, at *10 (D. Ariz. Oct. 11, 2013) (quoting Cruz-Vazquez v. Mennonite Gen. Hosp., Inc., 613 F.3d 54, 59 (1st Cir. 2010)).

As argued by counsel for defendant Barber, the three cases relied upon by plaintiff are distinguishable from this case because those cases involved admitted wrongful conduct by the sanctioned party. (ECF No. 226 at 3; see also ECF No. 226 at 3-11, providing copies of pertinent orders). The undersigned does not find such cases persuasive.

In his reply, plaintiff argues that Rule 11 sanctions are appropriate. However, because plaintiff made this argument in his reply, Rule 11 sanctions are unavailable because plaintiff did not comply with Rule 11(c).[3]

////

////

---

[3] Rule 11(c)(2) provides: "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Id.

4

1    For all of the above reasons, the undersigned finds that plaintiff's motion for sanctions is

2    legally frivolous and is denied.

3    <u>Should Plaintiff Be Sanctioned?</u>

4    Finally, in light of the order addressing plaintiff's multiple motions for sanctions and the

5    admonishments contained therein, the undersigned now decides whether plaintiff should be

6    sanctioned for bringing his frivolous motion for sanctions. (ECF No. 191.) Of the four motions

7    for sanctions filed by plaintiff, only one was partially well-taken (ECF No. 205). (ECF Nos. 165,

8    183, 205, 223.)

9    On September 7, 2021, the undersigned denied plaintiff's prior motions for sanctions,

10   stating "motions for sanctions are not the proper mechanism in which to litigate the merits of a

11   case," and warned plaintiff that the continued filing of frivolous motions may result in the

12   imposition of sanctions, including terminating sanctions. (ECF No. 191 at 8, 10.) Such ruling

13   was issued in response to plaintiff's earlier motion for sanctions where he claimed Dr. Barber

14   allegedly lied and her counsel allegedly prepared a fraudulent declaration. (<u>Id.</u> at 8.) The

15   September 7, 2021 order also denied plaintiff's motion for sanctions claiming that the remaining

16   defendants should be sanctioned for relying on Dr. Barber's declaration in their opposition to

17   plaintiff's motion for summary judgment. (ECF No. 191 at 9.) The undersigned declined to issue

18   sanctions, but warned plaintiff that "the continued filing of frivolous motions may result in the

19   imposition of sanctions." (ECF No. 191 at 10.)

20   On January 10, 2022, plaintiff filed a document styled, "Request for Inquiry Into Asserted

21   Bad Faith Misconduct and Criminal Acts by Defense/Defendants." Plaintiff's filing wholly relies

22   on the allegations raised in his motion for sanctions.[4] (ECF No. 229.) Other than his own

23   opinion, plaintiff adduces no evidence supporting such request, other than documents at issue in

24   the pending dispositive motions. This filing suggests that plaintiff will not refrain from pursuing

25   such frivolous claims unless the court issues sanctions.

---

[4] Plaintiff directed his filing to the assigned district judge. (ECF No. 229 at 1.) However, this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Similarly, in his replies to opposition to his motion to obtain Rule 56(d) discovery, plaintiff again seeks sanctions, only this time for "allegations and evidence they failed to address." (ECF No. 227 at 10; 228 at 9.) Plaintiff also states that he "will continue to seek independent action for the continued misconduct/crimes by the defense and defendants in this action." (ECF 228 at 3.) Such requests and statement by plaintiff also support this court's finding that plaintiff will continue bringing frivolous motions unless sanctioned.

Therefore, plaintiff shall show cause, within twenty-one days why he should not be sanctioned for filing a frivolous motion after being admonished to refrain from doing so.

Motion for Discovery

Rule 56(d) provides:

> (d) If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Pursuant to Federal Rule of Civil Procedure 56(d)(2), if plaintiff shows by affidavit or declaration that for specified reasons he cannot present facts to oppose defendants' motion for summary judgment, the court may defer ruling on the motion to allow time for further discovery. In order to gain a continuance under Rule 56(d), plaintiff must identify by affidavit the specific facts that further discovery would reveal and explain why those facts would preclude summary judgment. Tatum v. City and County of Sacramento, 441 F.3d 1090, 1100 (9th Cir. 2006); Tuvalu v. Woodford, 2007 WL 2900175, at 1-4 (E.D. Cal. Sept. 28, 2007). Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009).

Here, plaintiff claims he needs discovery to oppose the pending motions for summary judgment and lists seven items he seeks from defendants. (ECF No. 223 at 7-8.) No affidavit or declaration is provided, and the December 10, 2021 motion is not signed under penalty of perjury. In his first reply, plaintiff claims that he "recently" filed a declaration dated December 21, 2021, explaining why such discovery is sought. (ECF No. 227 at 7.) However, review of the docket reflects no declaration separately filed on or around December 21, 2021. In addition, no affidavit or declaration was provided with plaintiff's replies, although such filing would be too late to provide defendants an opportunity to respond.[5] (ECF Nos. 227, 228.)

Plaintiff's affidavit or declaration should have been filed with his motion. The court could deny plaintiff's motion on such grounds alone. However, because plaintiff is proceeding pro se, the undersigned addresses the merits of the motion under Rule 56(d).

Plaintiff seeks the following: (1) the name of any custody sergeant who provided information that plaintiff was exhibiting a pattern of or actually cheeking his medications on June 9, 2017; (2) any action taken by the custody sergeant this was allegedly reported to as required; (3) The full name of the psych tech who allegedly wrote the June 9, 2017 document; (4) The Medical MARS showing anytime this psych tech gave plaintiff his medication at RJD between June 2016 and November 2018; (5) the policies/procedures for scheduling, conducting and resolving an inmate's Pain Committee after referred for a review; (6) documentation related to defendants assertion that he refused a medical procedure and to sign the refusal documents on November 25, 2020; (7) a complete certified medical record from November 2018 to December 2021, because defendants only appended selected medical records and omitted records favorable to plaintiff. (ECF No. 223.)

////

---

[5] Rather, in a December 27, 2021 filing styled, "Declaration of Plaintiff in Support of Request for Extension to File Opposition to Defendant's Motion for Summary Judgment," plaintiff noted his pending 56(d) motion and requested an extension of time to oppose the pending dispositive motions. (ECF No. 225 at 1.) Plaintiff then describes the discovery he seeks under Rule 56(d). Finally, he claims he presents the declaration in support of both his pending Rule 56(d) motion and his motion for extension. (ECF No. 225 at 3.) Such late filing of the declaration deprived defendants of an opportunity to respond.

However, as argued by defendants, plaintiff failed to provide any facts in his motion to explain why such items are "essential" to his oppositions to the motions for summary judgment, to justify its opposition." Fed. R. Civ. P. 56(d). On this basis alone, the motion should be denied.

In his first reply, plaintiff now claims that as to his first request, he was unaware someone made a cheeking report and seeks discovery to substantiate such claim and alleges policy was violated for making such claim without custody knowing anything about it. (ECF No. 227 at 7.) But plaintiff fails to demonstrate how a cheeking incident from 2017 is essential to his opposition to the pending motions. Moreover, plaintiff is reminded that violations of state policy do not state a cognizable civil rights claim. As to request 2, plaintiff concedes that he sought through discovery policies/ procedures related to conducting/resolving pain committees but it was never disclosed. But if plaintiff propounded such discovery, he was required to file a motion to compel if such relevant discovery was not propounded in response to a discovery request. Plaintiff may not wait until summary judgment to attempt to request court intervention.

As to initial Request 7 (referred to as Request 3 in his first reply), plaintiff has equal access to his medical records and his central file. (ECF No. 227 at 9.) As pointed out by defendants, plaintiff may request review of his central files by requesting an Olson review.[6] Moreover, the record demonstrates that plaintiff knows how to access his medical records because he has filed medical records in this case and put his medical care at issue by filing this action. Plaintiff's statement that defendants selectively attached medical records, and presented a partial time line and omitted crucial facts is unavailing. (ECF Nos. 227 at 9; 228 at 8.) Neither party is required to present all medical records and evidence. The point of a motion for summary judgment is for each party to submit only such evidence that demonstrates that there are no material issues of fact remaining for trial, focusing on the claims at issue herein. In opposition, plaintiff must do the same: submit his specific evidence that shows there are material disputes of fact that preclude summary judgment.

---

[6] An Olson review refers to the right of California inmates to inspect and copy non-confidential records maintained in their central and medical files, as established by In re Olson (1974) 37 Cal. App. 3d 783, 112 Cal. Rptr. 579.

8

Plaintiff ends his first reply by expanding his request to include camera footage of unidentified events. (ECF No. 227 at 10.) Because plaintiff must include all of his requests in the initial motion to provide defendants an opportunity to respond, plaintiff's inclusion of this request in his first reply is disregarded. But even assuming the court could consider it, plaintiff alleged no facts demonstrating that such video exists. Blough, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009). While plaintiff is correct that camera footage provides evidence, plaintiff bears the burden to "proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." Chance v. Pac–Tel Teletrac Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). Plaintiff fails to do so.

In his second reply, plaintiff reiterates some of his prior objections addressed above, which the undersigned will not address again. (ECF No. 228 at 7-8.)

Even taking into account plaintiff's late-filed declaration, plaintiff simply reiterates his claim that he needs his entire medical file, the "non-provided" rules, policies and procedures for initiating/conducting Pain Management Committees, and pertinent video footage, but such requests fail for the reasons set forth above. Plaintiff did not provide specific facts showing how such requested documents are essential to plaintiff's oppositions.

Therefore, plaintiff's motion for Rule 56(d) discovery must be denied.

Motion to Reopen Discovery

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

Good cause requires a showing of due diligence. Johnson, 975 F.2d at 609. For example, good cause may be found where the moving party shows that it was diligent in assisting the Court in creating a workable scheduling order, that it is unable to comply with the scheduling order's

9

deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order. Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999). The party seeking to modify a scheduling order bears the burden of demonstrating good cause. Handel v. Rhoe, 2015 WL 6127271, at *2 (S.D. Cal. Oct. 16, 2015) (citing Zivkovic, 302 F.3d at 1087; Johnson, 975 F.2d at 608-09.)

### Background

This action was filed on July 17, 2019. The first two scheduling orders were vacated, and plaintiff filed the operative second amended complaint. (ECF Nos. 71, 77, 85, 88.) On September 29, 2020, a new scheduling order issued. (ECF No. 124.) On January 24, 2021, plaintiff's motion to modify the scheduling order was granted. (ECF No. 139.) On May 7, 2021, the discovery deadline was extended at plaintiff's request. (ECF No. 158 at 4.) On August 24, 2021, the defendants' request to modify the pretrial m options deadline was granted. (ECF No. 182, 190.)

### Discussion

As argued by defendants, plaintiff put his medical treatment at issue by filing this action. Medical records and documents related to prior cheeking incidents, chronos and disciplinary actions taken in connection, are all contained in plaintiff's medical records and his central file. That plaintiff failed to obtain copies of his own records from such sources during discovery does not provide good cause to reopen discovery. Indeed, such failure demonstrates his lack of diligence, particularly where the scheduling in this action has been continued multiple times. Therefore, plaintiff's motion to reopen discovery is denied.

Motion for Extension

On October 27, 2021, plaintiff was granted sixty days to file oppositions to defendants' September 24, 2021 motions for summary judgment. On December 27, 2021, plaintiff filed a motion for extension of time to oppose such motions. In his motion, plaintiff states that he has requested a complete copy of his medical records but has not yet received it.

////

It is unclear that plaintiff needs a <u>complete</u> copy of his medical records to oppose summary judgment, but in an abundance of caution plaintiff is granted sixty days in which to file his oppositions. No further extensions of time will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions (ECF No. 223) is denied;

2. Within twenty-one days from the date of this order, plaintiff shall show cause why he should not be sanctioned for filing a frivolous motion;

3. Plaintiff's motion for discovery under Rule 56(d) and to reopen discovery (ECF No. 223) is denied;

4. Plaintiff's motion for an extension of time (ECF No. 225) is granted; and

5. Plaintiff is granted sixty days from the date of this order in which to file and serve oppositions. No further extensions of time will be granted.

Dated: January 26, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wilk1338.56d+