1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

KEENAN WILKINS, aka NERRAH
BROWN

No.  2:19-cv-1338 WBS KJN P

12

Plaintiff,

13

v.

FINDINGS & RECOMMENDATIONS

14

DR. CHRISTINE S. BARBER, et al.,

15

Defendants.

16
17

I.  Introduction

18

Plaintiff is a state prisoner.  On November 12, 2021, plaintiff filed a motion to protect his

19

privacy rights under Rule 59 or 60 of the Federal Rules of Civil Procedure, or in the alternative,

20

plaintiff moves for reconsideration.  (ECF No. 218.)  Defendants filed no opposition.

21

As set forth below, the undersigned recommends that plaintiff's motion be denied.

22

II.  Background

23

On July 13, 2020, plaintiff filed a motion to seal confidential medical records.  (ECF No.

24

97.)  On September 11, 2020, the undersigned reviewed the medical records, found that as to

25

some of the medical records, the need to protect plaintiff's sensitive and confidential information

26

outweighed any necessity for disclosure at this time, and partially granted plaintiff's motion to

27

seal.  (ECF No. 116 at 3-4.)

28

////

1

1    On September 28, 2020, plaintiff filed a reply accompanied by a motion to file specific

2    medical records under seal. (ECF No. 126.)  On October 19, 2020, the undersigned found plaintiff's

3    reply was improperly filed, and directed the clerk to return the medical records to plaintiff.  Plaintiff

4    was instructed how to submit records he wished to file under seal, and cautioned that:

5       whether or not medical records will be sealed is not automatic.
        Plaintiff has put his medical treatment at issue, and there is a strong
6       presumption that judicial records are accessible to the public.
        <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178 (9th
7       Cir. 2006).

8    (ECF No. 128 at 2.)

9    On October 6, 2021, plaintiff renewed his motion to seal confidential medical records.

10   (ECF No. 205 at 1.)  Plaintiff objected that defense counsel willfully violated plaintiff's privacy

11   and victim rights, and then argued that his medical records should be sealed because they are

12   confidential.  (<u>Id.</u>)  On October 27, 2021, the court denied plaintiff's motion to seal <u>all</u> of his

13   medical records, again relying on <u>Kamakana</u>, 447 F.3d at 1178, and now <u>Foltz v. State Farm Mut.</u>

14   <u>Auto. Ins. Co.</u>, 331 F.3d 1122, 1135 (9th Cir. 2003).  (ECF No. 213.)  The undersigned found that

15   plaintiff's Eighth Amendment and state law claims involve plaintiff's myriad medical conditions,

16   and evaluation of his medical treatment will be required to address the merits of the pending

17   motions for summary judgment.  (ECF No. 213.)  Because plaintiff provided no compelling

18   reason to seal such records, the undersigned found that plaintiff failed to meet his burden and

19   denied the motion.

20   In the instant motion, plaintiff asks the court to reconsider its ruling on plaintiff's motion

21   to seal all of his medical records in this case (ECF No. 218).

22   III.   <u>Legal Standards</u>

23   Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon

24   such terms as are just, the court may relieve a party . . . from a final judgment, order, or

25   proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect;

26   (2) newly discovered evidence that, with reasonable diligence could not have been discovered in

27   time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by

28

1   an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment."[1]

2          "A motion for reconsideration should not be granted, absent highly unusual

3   circumstances, unless the . . . court is presented with newly discovered evidence, committed clear

4   error, or if there is an intervening change in the controlling law."  Marlyn Nutraceuticals, Inc. v.

5   Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).  Relief under Rule 60 "is to be

6   used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only

7   where extraordinary circumstances" exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008)

8   (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1) -

9   (5)).  Reconsideration is not appropriate when a movant relies on arguments previously raised;

10  that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate

11  arguments previously presented.  See Maraziti v. Thorpe, 52 F.3d 252, 255 (9th Cir. 1995)

12  (district court properly denied Rule 60(b)(6) motion because movant "merely reiterated the

13  arguments that he had already presented to the district court").

14         In addition, Local Rule 230(j) requires that a motion for reconsideration state "what new

15  or different facts or circumstances are claimed to exist which did not exist or were not shown

16  upon such prior motion, or what other grounds exist for the motion," and "why the facts or

17  circumstances were not shown at the time of the prior motion."  E.D. Cal., L.R. 230(j)(3)-(4).

18  IV.  Discussion

19         Plaintiff now argues that his privacy rights are violated by the court's denial of plaintiff's

20  motion to seal his medical records.  (See ECF No. 205.)  But plaintiff sets forth no newly

21  discovered evidence and fails to demonstrate the court committed clear error.  Plaintiff identifies

22  no intervening change in the controlling law.  He does cite nine district court decisions.

23  However, all of the district court cases cited were issued prior to this court's October 27, 2021

24  order.[2]  But most importantly, other district court decisions are not binding on this court, and

---

25  [1]  Subsection (4) "the judgment is void," and subsection (5) "the judgment has been satisfied," do
26  not apply.  Fed. R. Civ. P. 60(b)(4), (5).  Rule 59 is inapplicable because no trial has been held, or
    judgment entered.  Further, plaintiff was previously provided the standards governing both Rule
27  59 and Rule 60 in the October 28, 2021 order.  (ECF No. 214 at 6.)

28  [2]  Plaintiff cited nine district court cases, but failed to identify the court that issued the decision,

1    therefore are not controlling.  It is not uncommon for district courts to disagree, but only

2    decisions by the Court of Appeals for the Ninth Circuit or the U.S. Supreme Court are controlling.

3    Thus, plaintiff is not entitled to relief under Rule 60.

4         Plaintiff's motion for reconsideration also fails.  Plaintiff did not explain why he was

5    unable to make his privacy rights argument in his prior motion to seal.  He did not identify any

6    different facts or circumstances which did not exist or were not included in his prior motion to

7    seal.  Upon reconsideration, the order denying plaintiff's motion to seal all medical records in this

8    case (ECF No. 213) should be affirmed.

9    V.  Law of the Case

10        Once a decision of law is made, it becomes the "law of the case," and absent clear error or

11   changed circumstances should not be changed.  See United States v. Estrada Lucas, 651 F.2d

12   1261, 1263-64 (9th Cir. 1980).  "The law of the case doctrine is a judicial invention designed to

13   aid in the efficient operation of court affairs."  Milgard Tempering, Inc. v. Selas Corp. of

14   America, 902 F.2d 703, 715 (9th Cir. 1990), citing Lockert v. United States Dept. of Labor, 867

15   F.2d 513, 518 (9th Cir. 1989).  Under the doctrine, "a court will generally refuse to reconsider an

16   issue that has already been decided by the same court or a higher court in the same case."

17   Gonzalez v. Arizona, 677 F.3d 383, 389-90 n.4 (9th Cir. 2012), cert. granted, 568 U.S. 962 (2012)

18   and aff'd sub nom. Arizona v. Inter Tribal Council of Arizona, Inc., 570 U.S. 1 (2013).

19   _____

20   the precise date the decision was rendered, or the page number upon which plaintiff relied.  (ECF
     No. 218 at 2-3.)  Plaintiff is cautioned that failure to provide such information in the future will
21   result in the court disregarding such citation.  On this one occasion, and because such information
     was important in addressing plaintiff's motion, the court provides the full citation for each case
22   cited by plaintiff but will not do so in the future.  Plaintiff cited: Steven City Broomfield v.
     Aranas, 2020 U.S. Dist. LEXIS 87484 (D. Nev. May 19, 2020);  Liaw v. United Airlines, Inc.,
23   2019 U.S. Dist. LEXIS 204492 (N.D. Cal. Nov. 22, 2019); United States v. Davis, 2020 U.S.
     Dist. LEXIS 243977 (E.D. Cal. Dec. 29, 2020); United States v. Dadi, 2020 U.S. Dist. LEXIS
24   187336 (W.D. Wash. Oct. 8, 2020); United States v. Prom, 2021 U.S. District LEXIS 56147
     (E.D. Cal. March 24, 2021); United States v. Ramirez, 2020 U.S. Dist. LEXIS 231482 (E.D. Cal.
25   Dec. 9, 2020); Johnsen v. Tambe, 2019 U.S. Dist. LEXIS 144715 (W.D. Wash. Aug. 26, 2019);
     Ribot v. Smith, 2021 U.S. Dist. LEXIS 4191 (E.D. Cal. Jan. 7, 2021); and Pratt v. Gamboa, 2020
26   U.S. Dist. LEXIS 90913 (N.D. Cal. May 22, 2020).

27        Plaintiff also cited United States v. Labor, 2020 U.S. Dist. LEXIS 231482, but the number
     cited is the same as Ramirez, 2020 U.S. Dist. LEXIS 231482.
28

4

1    Plaintiff continues to challenge this court's decision not to seal all of plaintiff's medical

2    records in this case.  However, the denial of plaintiff's motion to seal <u>all</u> medical records in this

3    action is law of the case, precluding any further challenge by plaintiff in this action.  In other

4    words, absent clear error or changed circumstances, this court will refuse to reconsider the issue

5    in this action.  Certainly, plaintiff remains free to challenge whether a particular document should

6    be sealed.  But no further requests to seal the entirety of plaintiff's medical records will be

7    entertained, subject to rare exceptions identified above.

8    IV.  <u>Conclusion</u>

9    Accordingly, IT IS HEREBY RECOMMENDED that:

10    1.  Plaintiff's motion for relief under Rule 60 (ECF No. 218) be denied;

11    2.  Upon reconsideration, the order denying plaintiff's motion to seal all medical records

12    in this case (ECF No. 213) should be affirmed; and

13    3.  The decision not to seal all of plaintiff's medical records should be deemed law of the

14    case.

15    These findings and recommendations are submitted to the United States District Judge

16    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17    after being served with these findings and recommendations, any party may file written

18    objections with the court and serve a copy on all parties.  Such a document should be captioned

19    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

20    objections shall be served and filed within fourteen days after service of the objections.  The

21    parties are advised that failure to file objections within the specified time may waive the right to

22    appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

23    Dated:  January 26, 2022

24

25    KENDALL J. NEWMAN
      UNITED STATES MAGISTRATE JUDGE

26

27    /wilk1338.60b.rec

28

5